# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 03-1828

ANDRÉ HENDERSON,

*Plaintiff/Appellant*,

*v.*

JO ANNE B. BARNHART,
Commissioner of Social Security,

*Defendant/Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 C 9621—**Michael T. Mason**, *Magistrate Judge*.

_____

ARGUED SEPTEMBER 30, 2003—DECIDED NOVEMBER 12, 2003

_____

Before BAUER, POSNER, and DIANE P. WOOD, *Circuit Judges*.

POSNER, *Circuit Judge*.  The plaintiff was denied social
security disability benefits and appeals from the district
court's affirmance of the denial. The sole ground on which
the administrative law judge denied benefits was that he
thought Henderson capable of doing his previous work as
a schoolbus driver and later a medical courier driver. The
administrative law judge was especially impressed by the
fact that Henderson had held his bus driver's job for six
years and his condition seems not to have worsened sig-

nificantly since, and that he lost the medical courier job because his employer discovered that he had a criminal record, which of course is not a basis for finding that a person is disabled.

Henderson is obese (he's six feet tall and weighs 300 pounds), and, although only 34 years old at the time of the denial of benefits, has a long history of uncontrolled high blood pressure and heart disease, plus asthma and severe headaches, the latter due apparently to his elevated blood pressure. He has an IQ in the low 70s and is only semiliterate. He lost his job as a schoolbus driver because his commercial driver's license expired and he flunked the test to get a new one.

In the circumstances, the administrative law judge's finding that Henderson is able to return to his previous work as a schoolbus driver is untenable. In defense of the finding the Social Security Administration argues that there is no proof that Henderson failed his commercial driver's license test because he is borderline retarded and merely semiliterate; after all, he had passed the test six years earlier. But there is no indication that Henderson *wanted* to lose his job as a schoolbus driver, so the inference arises that if he could have passed the test he would have taken it repeatedly until he did pass it. The fact that he had passed it years earlier proves little, since such tests often are not administered with great care. Furthermore, driving a schoolbus is a highly responsible job; Henderson's low IQ, medley of serious health problems, and reading difficulties make him unfit for such a job; and the fact that a person holds down a job doesn't prove that he isn't disabled, because he may have a careless or indulgent employer or be working beyond his capacity out of desperation. E.g., *Hawkins v. First Union Corporation Long-Term Disability Plan*, 326 F.3d 914, 918 (7th Cir. 2003); *Perlman v. Swiss Bank Corporation Comprehensive*

*Disability Protection Plan*, 195 F.3d 975, 983 (7th Cir. 1999); *Wilder v. Apfel*, 153 F.3d 799, 801 (7th Cir. 1998); *Jones v. Shalala*, 21 F.3d 191, 192-93 (7th Cir. 1994); *Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998). The evidence presented by Henderson was not conclusive, but it was sufficient to require the administrative law judge to probe Henderson's capacity to be a schoolbus driver more deeply. *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003) (per curiam); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Making deliveries by car is a less responsible job, and if Henderson is physically and mentally able to perform the requirements of the job the fact that he is unemployable by virtue of his criminal record is, as we have said, irrelevant. However, the administrative law judge accepted the evidence of one of the medical experts that Henderson is incapable of performing (safely) a job that requires the use of hazardous machinery, which seems a fair description of an automobile driven in Chicago, or the making of critical judgments, which driving involves. Having accepted this evidence, the judge failed to connect it with the issue of whether Henderson could perform a job that consists entirely of driving. By thus failing to build a bridge between the record and the conclusion that Henderson can do the work of a driver, the administrative law judge failed to articulate a reasoned basis for his ruling, and so the ruling cannot stand. *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (per curiam); *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001); *Fargnoli v. Massanari*, 247 F.3d 34, 40–42 (3d Cir. 2001); *Bill Branch Coal Corp. v. Sparks*, 213 F.3d 186, 191 (4th Cir. 2000).

The judgment of the district court is reversed and the matter is returned to the Social Security Administration for further proceedings consistent with this opinion.

REVERSED AND REMANDED.


A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*