# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 03-3745

NORBERT J. SKARBEK,

*Plaintiff-Appellant,*

v.

JO ANNE B. BARNHART,

*Defendant-Appellee.*

_____

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:03-CV-77 RM—**Robert L. Miller, Jr.,** *Chief Judge.*

_____

ARGUED MAY 20, 2004—DECIDED JUNE 23, 2004
PUBLISHED DECEMBER 2, 2004[*]

_____

Before COFFEY, ROVNER, and EVANS, *Circuit Judges.*

PER CURIAM.  Norbert Skarbek seeks disability insurance
benefits, alleging that he is unable to work due to osteoar-
thritis in his knees. An ALJ found that although Skarbek
has a severe impairment and cannot perform his past rele-
vant work, he retains the capacity to perform work within

_____

[*]  Pursuant to Circuit Rule 53, this decision was originally issued
as an unpublished order. The court, upon request, now issues this
decision as a published opinion.

the national economy and is therefore not entitled to benefits. The district court upheld that decision, and we affirm.

At the time of his hearing, Skarbek was 51 years old with a high school education. He is 6'1" tall and weighed 245 pounds. Skarbek has not worked since August 24, 2000, when knee problems prevented him from bending and squatting as required in his job as a construction laborer. Skarbek had previously worked as an outdoor sign installer, assembler, welder, repairman, and painter.

In July 2000, because of pain in his knees, Skarbek saw Dr. W.R. Yergler, an orthopedic specialist. Dr. Yergler wrote that Skarbek's knees were "not compatible with his job" because, while they could tolerate standing and walking, they could not tolerate squatting and climbing. In October, Skarbek was given an independent medical examination by Dr. Mark Graham, a rehabilitation specialist. Dr. Graham noted that Skarbek was overweight and recommended that Skarbek take anti-inflammatory medication for his knees. Dr. Graham found Skarbek "capable of gainful employment" and recommended a restriction of no climbing, squatting or kneeling.

Skarbek was also treated by his family physician, Dr. Ralph Inanbit, for his knee problems, high blood pressure, and other illnesses. Dr. Inanbit's records show that Skarbek was down to 204 pounds in May 1998, but gained weight after he stopped working. In a medical assessment on October 13, 2001, Dr. Inanbit wrote that Skarbek could sit, stand, or walk for four hours without interruption, and could occasionally lift up to 25 pounds. But nine days later, on October 22, Dr. Inanbit altered his assessment when he wrote a letter to Skarbek's attorney stating that Skarbek "can walk for only short distances, less than one-half block . . . he also has difficulty with lifting, he can lift only five to ten pounds and then develops severe pain." He recommended that "Skarbek be considered for disability" based on his knee pain.

Two Social Security Administration ("SSA") physicians, Dr. J.V. Corcoran and Dr. W. Bastanagel, reviewed Skarbek's medical records, but did not examine him in person. Based on their review of the records, both doctors concluded that Skarbek could frequently lift 25 pounds and could stand, walk, or sit for about six hours in an eight-hour workday. They agreed that Skarbek should never kneel, crouch, or crawl, and could only occasionally stoop or climb stairs. They also noted that Skarbek's body mass index ("BMI") was greater than 32, a score that registered him as obese.

Skarbek filed for disability benefits in October 2000. The SSA initially, and upon reconsideration, denied his claim. Skarbek then appeared before an ALJ at a hearing, where both he and a Vocational Expert ("VE") testified. Skarbek testified that he lived alone and could complete routine household chores, but when his knees were swollen, he could walk or stand for only one hour and had to elevate his legs. Skarbek testified that he could lift fifty pounds, mow his small lawn if he took breaks, and drove. Skarbek also testified that for exercise he swam and rode a stationary bike with no resistance.

The ALJ applied the five-step analysis, *see* 20 C.F.R. § 404.1520, and found that Skarbek was not disabled. The ALJ found that Skarbek had not engaged in any substantial gainful activity since his alleged onset of disability and that his knee problems constituted a severe impairment, but did not meet or equal the level of severity of a listed impairment. The ALJ found that Skarbek had the Residual Functional Capacity ("RFC") for a limited range of medium work involving only occasional stooping, and no squatting, climbing, kneeling, crouching, or crawling, or work that requires being outside in wet weather. The ALJ evaluated the medical evidence and credited the opinions of the specialists, Dr. Graham and Dr. Yergler, over that of Skarbek's treating physician, Dr. Inabnit, whose opinion the ALJ found not well-supported by the medical evidence and inconsistent

with his own progress notes. The ALJ also determined that Skarbek's testimony was not totally credible. Although the ALJ found that Skarbek could not perform his past relevant work, he was capable of performing "a significant range of medium work," which is defined as work involving lifting no more than 50 pounds with frequent lifting or carrying of objects up to 25 pounds. *See* 20 C.F.R. § 404.1567(c). The ALJ, relying on the VE's answer to his hypothetical question, concluded that Skarbek could successfully adjust to work that exists in significant numbers in the national economy, including packager, inspector, and unarmed guard.

The Appeals Council denied Skarbek's request for review, rendering the ALJ's decision the Commissioner's final decision. In August 2002, the district court affirmed the Commissioner's final decision denying disability benefits, finding that the ALJ's decision was supported by substantial evidence.

This court will uphold the ALJ's decision so long as it is supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003). "Evidence is 'substantial' if it is sufficient for a reasonable person to accept as adequate to support the decision." *Johansen v. Barnhart*, 314 F.3d 283, 287 (7th Cir. 2002) (internal quotations omitted). When reviewing the record, this court may not re-weigh the evidence or substitute its judgment for that of the ALJ. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). An ALJ must articulate, at least minimally, his analysis of the evidence so that this court can follow his reasoning. *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000).

Skarbek first argues that the ALJ reached a flawed RFC assessment by failing to give controlling weight, or at least deference, to the opinion of his treating physician, Dr. Inanbit. Skarbek argues that the ALJ overvalued the opinions of Dr. Yergler and Dr. Graham, who saw Skarbek only once, and

not as recently as Dr. Inanbit. As a result, Skarbek argues, the ALJ erred in determining that he could perform medium work, rather than crediting Dr. Inanbit's opinion that he was disabled.

A treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if supported by the medical findings and consistent with substantial evidence in the record. *Gudgel*, 345 F.3d at 470; *see* 20 C.F.R. § 404.1527(d)(2). An ALJ may discount a treating physician's medical opinion if it is inconsistent with the opinion of a consulting physician, *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001), or when the treating physician's opinion is internally inconsistent, *Clifford*, 227 F.3d at 871, as long as he "minimally articulate[s] his reasons for crediting or rejecting evidence of disability," *id.* at 870.

Here, the ALJ provided an adequate explanation for giving more weight to Dr. Graham and Dr. Yergler's opinions: Dr. Inanbit's opinion was not well-supported by medical evidence. Dr. Inanbit indicated that Skarbek had only a limited range of motion in his knees, but as the ALJ found, this limitation was not supported by the X-rays or by Dr. Inanbit's progress notes. Further, in his letter nine days later to Skarbek's attorney, Dr. Inanbit did not identify medical evidence that would support the changes he made in assessing Skarbek's limitations. Although the ALJ did not discuss the internal inconsistencies between Dr. Inanbit's medical assessment and his letter to Skarbek's attorney, these inconsistencies would also support the ALJ's decision not to give controlling weight to Dr. Inanbit's opinion. *See Clifford*, 227 F.3d at 871. In contrast, the ALJ found Dr. Graham and Dr. Yergler's opinions consistent with the medical evidence.

Further, contrary to Skarbek's assertion, the ALJ was not required to recontact Dr. Inanbit for additional evidence or

to obtain medical expert testimony. An ALJ need recontact medical sources only when the evidence received is inadequate to determine whether the claimant is disabled. *See* 20 C.F.R. § 404.1512(e). Here, the evidence was adequate for the ALJ to find Skarbek not disabled, and the ALJ acted within his discretion in deciding not to call a medical expert. *See* 20 C.F.R. § 404.1527(f)(2)(iii).

Skarbek also argues that the ALJ erred by failing to consider his weight in determining whether he was disabled. *See* SSR 00-3p, (since superceded by SSR 02-1p without any substantive changes). Social Security Ruling 00-3p requires an ALJ to consider the effects of obesity at several points in the five-step process. *Id.* at 5; *see also Celaya v. Halter*, 332 F.3d 1177, 1181-84 (9th Cir. 2003). At 6'1" and 245 pounds, Skarbek has a BMI of 32.3, which the SSA recognizes as Level 1 obesity, the lowest of three levels. *Id.* at 4. Skarbek does not explain how his obesity would have affected the ALJ's five-step analysis. Rather, he suggests that the ALJ's failure to mention his obesity is reason enough to remand the case.

An ALJ is required to consider impairments a claimant says he has, or about which the ALJ receives evidence. 20 C.F.R. § 404.1512(a). Although Skarbek did not specifically claim obesity as an impairment (either in his disability application or at his hearing), the references to his weight in his medical records were likely sufficient to alert the ALJ to the impairment. *See Clifford*, 227 F.3d at 873 (holding that ALJ should have been alerted by "numerous references in the record" to the claimant's weight problem). Despite this, any remand for explicit consideration of Skarbek's obesity would not affect the outcome of this case. *See Keys v. Barnhart*, 347 F.3d 990, 994-95 (7th Cir. 2003) (applying harmless error review to ALJ's determination). Notably, Skarbek does not specify how his obesity further impaired his ability to work, but speculates merely that his weight makes it more difficult to stand and walk. Additionally, the ALJ adopted

the limitations suggested by the specialists and reviewing doctors, who were aware of Skarbek's obesity. Thus, although the ALJ did not explicitly consider Skarbek's obesity, it was factored indirectly into the ALJ's decision as part of the doctors' opinions.

Next, Skarbek argues that the ALJ erred in his credibility determination by failing to follow SSR 96-7p, which lists factors to be considered and requires an ALJ to articulate his reasons for finding a claimant not credible. An ALJ is in the best position to determine a witness's truthfulness and forthrightness; thus, this court will not overturn an ALJ's credibility determination unless it is "patently wrong." *E.g.*, *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001) (internal quotations omitted). This court will affirm a credibility determination as long as the ALJ gives specific reasons that are supported by the record for his finding. *Brindisi ex rel. Brindisi v. Barnhart*, 315 F.3d 783, 787 (7th Cir. 2003); *Zurawski*, 245 F.3d at 887.

The ALJ provided sufficient support for his finding that Skarbek was not credible regarding his limitations. First, the ALJ stated that Skarbek's testimony of constant throbbing pain was not consistent with the findings of the specialists or with Skarbek's medical records. Second, the ALJ stated that Skarbek's testimony regarding his daily activities—that, among other things, he drove, did laundry and household chores, and was able to cut grass on occasion—did not support a finding that he was totally disabled. The ALJ found that Skarbek's abilities and activities were more consistent with the opinions of Dr. Yergler and Dr. Graham than with his own testimony. The ALJ thus complied with SSR 96-7p by providing specific reasons for his finding.

Finally, Skarbek raises the entirely new argument that the VE's findings were not consistent with the Dictionary of Occupational Titles ("DOT") and that the ALJ erred by failing to explain how the VE's testimony was consistent

with Skarbek's limitations. Because Skarbek did not raise these arguments previously, he waived the opportunity to raise them on appeal. *Schoenfeld v. Apfel*, 237 F.3d 788, 793 (7th Cir. 2001); *Ehrhart v. Sec'y of Health and Human Servs.*, 969 F.2d 534, 537 n.4 (7th Cir. 1992). In any event, these arguments are meritless. The VE specifically testified that his findings were consistent with the DOT. (Admin. R. at 168.) And contrary to Skarbek's assertions, the DOT classifications for unarmed guard and assembly packager are consistent with Skarbek's limitations in that the jobs do not involve climbing, kneeling, stooping, crouching, or crawling. *See* DOT §§ 372.667-034, 920.587-018. As a result, the ALJ did not err by relying on the VE's testimony.

The ALJ's decision to deny disability benefits was based on substantial evidence. Therefore, the decision of the district court is AFFIRMED.

A true Copy:

      Teste:

                        _____
                        *Clerk of the United States Court of*
                        *Appeals for the Seventh Circuit*