# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2061

_____

Cathleen Raney,      *
         *
     Appellant,      *
         *    Appeal from the United States
     v.      *    District Court for the
         *    Southern District of Iowa.
Jo Anne B. Barnhart, Commissioner of   *
Social Security,      *
         *
     Appellee.      *

_____

Submitted: December 13, 2004
Filed: February 10, 2005

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Cathleen Raney (Raney) appeals the district court's[1] decision upholding the Commissioner of the Social Security Administration's (Commissioner) denial of supplemental security income (SSI) benefits following a hearing before an administrative law judge (ALJ) and a subsequent denial of review by the Appeals Council. Having reviewed the record and concluding the Commissioner's decision is supported by substantial evidence, we affirm.

_____

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

## I.    BACKGROUND

In August 2000, Raney applied for SSI benefits alleging an inability to work since December 29, 1983.  Raney, a forty-seven year old mother of six grown children, has a general equivalency diploma (GED) but no relevant past work experience.   Raney suffers from numerous physical impairments, including degenerative disc disease, low back pain, diabetes with peripheral neuropathy, carpal tunnel syndrome, steatohepatitis, morbid obesity, hypertension, irregular heartbeat, angina, rheumatoid arthritis, peripheral vascular disease, chronic obstructive pulmonary disease, and asthma.   Additionally, Raney suffers from recurrent depression and general anxiety, including panic attacks.

The ALJ determined the medical evidence establishes Raney's physical and mental impairments are severe, but do not establish an impairment or combination of impairments of listing-level severity.  See Listing of Impairments in Appendix I, Subpart P, Social Security Administration Regulations No. 4.  The ALJ found that substantial evidence, considered as a whole, supports "medically determinable impairments that could cause some limitation, although not to the disabling extent alleged by [Raney]."  Based on the record evidence, including Raney's testimony, the ALJ found Raney was not credible insofar as she claimed she is unable to work.  The ALJ determined Raney is able to "perform a somewhat restricted range of light exertional level work."  The Appeals Council declined Raney's request for review, thereby making the ALJ's decision the final decision of the Commissioner. Raney sought review in the district court, which summarily affirmed the denial of SSI benefits.

Raney appeals the Commissioner's decision, contending the ALJ erred in (1) improperly rejecting the opinions of Raney's treating therapist; (2) assessing Raney's residual functional capacity (RFC) because the ALJ failed to include limitations supported by medical evidence; (3) evaluating Raney's credibility; and (4) failing to consider Raney's impairments in combination.

## II.    DISCUSSION

Our review is limited to determining "whether the Commissioner's findings are supported by substantial evidence on the record as a whole," Roberts v. Apfel, 222 F.3d 466, 468 (8th Cir. 2000), and "[s]ubstantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion," Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). "Our review of the Commissioner's decision, however, is deferential, and we do not substitute our own view of the evidence for that of the Commissioner." Kelley v. Barnhart, 372 F.3d 958, 960 (8th Cir. 2004). We must affirm the Commissioner's decision if the ALJ's findings are supported by substantial evidence, Dixon v. Barnhart, 353 F.3d 602, 604 (8th Cir. 2003), even if the record also supports a contrary result and even if we would decide the facts differently, Roberts, 222 F.3d at 468.

Raney first contends the ALJ erred in evaluating the opinion of Raney's treating therapist, Jerry Lowe (Lowe). A therapist is not an "acceptable medical source" to establish "a medically determinable impairment." See 20 C.F.R. §§ 404.1513(a)(1)-(5), 416.913(a)(1)-(5). As Raney correctly concedes, a therapist's assessment is considered "other medical evidence." 20 C.F.R. § 404.1513(d)(1). In determining what weight to give "other medical evidence," the ALJ has more discretion and is permitted to consider any inconsistencies found within the record. 20 C.F.R. § 416.927(d)(4).

In his report, the ALJ noted Lowe completed a Mental Health RFC form for Raney on April 3, 2002. In evaluating Raney's mental health RFC, Lowe found Raney exhibited marked and extreme areas of limitations showing disability. The ALJ first noted Lowe, a "licensed social worker[,] is not a medical source for purposes of Social Security Disability." In declaring Lowe "is not a medical source," the ALJ omitted the modifier "acceptable," but correctly considered all the medical evidence in determining what weight to attribute to Lowe's opinions. The ALJ further stated Lowe's RFC form was not consistent with his treatment notes, which

documented Raney's "improvement and do not support disabling symptoms." Lowe's treatment records disclose two treatment notes, recorded just days before Lowe completed the RFC form, documenting Raney's family problems and Lowe's clinical assessment of Raney as "improved" and "fair." These assessments are inconsistent with the RFC form and Raney's claims of disability. Thus, the ALJ's finding that some of Lowe's treatment notes are inconsistent with Lowe's RFC form is adequately supported by the record.

Raney next claims the ALJ failed to address a number of limitations, particularly limitations on her ability to stand and walk. To support her claim, Raney points to the fact that the ALJ referred only once to her use of a cane. An RFC determination is based on all the relevant evidence in the record. See 20 C.F.R. §§ 404.1545(a)(1) and 416.945(a)(1). The ALJ found Raney is able to lift a maximum of twenty pounds, routinely lift ten pounds, stand for an hour at a time, sit for sixty minutes at a time, and walk two to three blocks. The ALJ further found Raney can perform no repetitive bending, kneeling, stooping, squatting, crawling, or climbing. The ALJ also found Raney should not be exposed to more than moderate levels of smoke and fumes; she can have only occasional contact with the public and coworkers; and she can perform simple, routine, and repetitive work.

Raney's medical records demonstrate the ALJ's RFC findings are not inconsistent with those of Raney's treating physicians. None of Raney's treating physicians opined she is so impaired or disabled that she cannot work at any job. We also find no medical records or opinions documenting Raney's use of a cane as being medically necessary. In fact, the ALJ noted that Raney told Dr. Timothy Wahl during a disability evaluation in October 2000 that on good days, she is able to walk without a cane. The records further disclose many of Raney's physical and mental ailments are, or can be, controlled by medication and diet. The ALJ relied, in part, on a consulting physician who found Raney "could perform light work with no need to alternate sitting and standing" and with some postural, environmental, and moderate

mental limitations. Thus, we conclude the ALJ's RFC findings are supported by substantial evidence.

Raney also contends the ALJ improperly evaluated her credibility. The ALJ stated much of the objective medical evidence, including evidence of missed medical appointments, documented inconsistent statements to medical professionals, noncompliance with dietary regime and medication, and her activities of daily living, was inconsistent with Raney's allegations of disability. Moreover, the ALJ emphasized the absence of any doctor's opinion stating Raney is disabled. Our record review convinces us the ALJ evaluated Raney's credibility in accordance with Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).

Lastly, Raney argues the ALJ failed to consider her multiple physical and mental impairments in combination. In determining a claimant's RFC, "the ALJ must consider the effects of the combination of both physical and mental impairments," Stormo v. Barnhart, 377 F.3d 801, 807 (8th Cir. 2004), to "determine whether the combination of . . . impairments is medically equal to any listed impairment," Shontos v. Barnhart, 328 F.3d 418, 424 (8th Cir. 2003) (quoting 20 C.F.R. § 404.1526(a)). After the ALJ listed all of Raney's physical and mental impairments, he expressly stated he considered Raney's impairments "individually and in combination," and based his RFC assessment on "the combination of [Raney's] impairments." The ALJ found no evidence that the combined clinical findings from these impairments reached listing-level severity. The record persuades us the ALJ properly considered the effect of Raney's combined physical and mental impairments.

## III.  CONCLUSION
We affirm the judgment of the district court.

_____