In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 05-1089

NICOLE GENTLE,

*Plaintiff-Appellant*,

*v.*

JO ANNE B. BARNHART, Commissioner
of Social Security,

*Defendant-Appellee.*

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 C 1766—**Sidney I. Schenkier**, *Magistrate Judge.*

———————

ARGUED OCTOBER 18, 2005—DECIDED DECEMBER 7, 2005

———————

Before POSNER, KANNE, and WILLIAMS, *Circuit Judges.*

POSNER, *Circuit Judge.* The administrative law judge denied Nicole Gentle's application for social security disability benefits on the ground that although she has a severe impairment, she is capable of doing her former work, as a supermarket delicatessen worker and school lunchroom attendant, which she left in 2001 when she became pregnant with her second child. That child was 11 months old at the time of the hearing, and Gentle, who is not married, takes care of the child at home; her other child, a four year old, is

at preschool. Her severe impairment is pain, which makes it difficult for her to stand, walk, sit, or lift her 25-pound 11-month old. The cause of the pain is spinal disk disease. She also has rather serious allergies and is a "slow learner" with difficulty concentrating. The administrative law judge asked a vocational expert who had reviewed Gentle's file and listened to her testimony to assume that she was unable to lift more than 10 pounds frequently or 20 pounds occasionally, to perform "postural movements" such as bending and turning, more than occasionally, to concentrate on complex tasks, or to work in the presence of pulmonary irritants and extremes of temperature or humidity. The vocational expert opined that a person with these disabilities could nevertheless perform Gentle's former work as a delicatessen worker or lunchroom attendant, though she acknowledged that someone who missed work a couple of days every month or had to rest two hours during every workday would not be capable of doing Gentle's former work, or indeed capable of any full-time gainful employment.

The administrative law judge's analysis of the evidence was deficient. To begin with, in supposing Gentle capable of full-time work in a job that is not sedentary but requires standing much or most of the time, he attached great significance to the fact that "she is able to care for her personal needs and those of her two small children," "is able to perform all the activities of daily living necessary to feed, shelter and clothe herself and her children," and is not prevented by her condition "from performing an extensive range of daily activities including taking care of two small children, cooking, cleaning, and shopping." Uncontested evidence not mentioned by the administrative law judge reveals that she performs these chores with difficulty, and with the aid of her sister, a neighbor, and another woman.

The administrative law judge's casual equating of household work to work in the labor market cannot stand. Gentle *must* take care of her children, or else abandon them to foster care or perhaps her sister, and the choice may impel her to heroic efforts. A person can be totally disabled for purposes of entitlement to social security benefits even if, because of an indulgent employer or circumstances of desperation, he is in fact working. *Henderson v. Barnhart*, 349 F.3d 434, 435 (7th Cir. 2003); *Wilder v. Apfel*, 153 F.3d 799, 801 (7th Cir. 1998); *Weigel v. Target Stores*, 122 F.3d 461, 467 (7th Cir. 1997); *Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998).

Granted, there is tension between these cases and a regulation (which the cases do not discuss) that states that "if you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience." 20 C.F.R. §§ 404.1520(i)(5), 416.920(i)(5). The regulation is not strictly applicable here, because Gentle is no longer working; her work in the household is not "substantial gainful activity" within the meaning of the regulation, in which "working" signifies holding a job in the labor market. But the regulation implies that someone engaged in "substantial gainful activity," regardless of circumstances, is not disabled. In the case of the indulgent employer, the work may not be "substantial gainful activity"; but in the case of the desperate employee, it would be. The regulation may simply reflect a commonsense presumption that to work implies a capacity to continue working, and the presumption fails if the applicant is no longer working.

A more important point is that taking care of an infant, although demanding, has a degree of flexibility that work in

the workplace does not. You can park the infant in a playpen for much of the day, and anyway it will sleep much of the day (on average about 2 to 4 hours, Elizabeth Pantley, "Regular Naps Improve Nighttime Sleep," *Pediatrics for Parents*, Feb. 2004, http://findarticles. com/p/articles/mi_m0816/is_2_21/ai_n6182552; see also Suzanne Dixon, "Your Baby's Sleep Patterns," http:// us. pampers.com/en_US/content/type/101/contentId.2363. do), and so the caretaker will have numerous breaks in which to rest.

Besides overlooking the differences between household and labor-market work, the administrative law judge failed to consider Gentle's disabilities in combination, as the cases require. E.g., *Barrett v. Barnhart,* 355 F.3d 1065, 1068 (7th Cir. 2004); *Clifford v. Apfel*, 227 F.3d 863, 873 (7th Cir. 2000); *Raney v. Barnhart*, 396 F.3d 1007, 1011 (8th Cir. 2005); *Loza v. Apfel*, 219 F.3d 378, 393, (5th Cir. 2000). Gentle suffers from depression and anxiety, which are conditions distinct from her poor concentration. In addition, she is obese—she weighs 275 pounds, though she is only 5 feet 11 inches tall.

Conditions must not be confused with disabilities. The social security disability benefits program is not concerned with health as such, but rather with ability to engage in full-time gainful employment. A person can be depressed, anxious, and obese yet still perform full-time work. This point is obscured by the tendency in some cases to describe obesity as an impairment, limitation, or disability. E.g., *Sienkiewicz v. Barnhart*, 409 F.3d 798, 803 (7th Cir. 2005) (per curiam). It is none of these things from the standpoint of the disability program. It can be the *cause* of a disability, but once its causal efficacy is determined, it drops out of the picture. If the claimant for social security disability benefits is so obese as to be unable to bend, the issue is the effect of

that inability on the claimant's capacity for work. E.g., *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004) (per curiam).

Sometimes, as in the present case, obesity or some other health condition merely aggravates a disability caused by something else; it still must be considered for its incremental effect on the disability, as the administrative law judge failed to do. The main cause of Gentle's disability is disk disease, which causes her pain in sitting, standing, etc. Compare two women with disk disease of identical severity, and both women are 5 feet 11 inches tall but one weighs 150 pounds and the other 275 pounds. The effect of the disk disease on ability to stand, sit, etc., for protracted periods is likely to be different in the two cases by virtue of the difference in weight. So in considering the credibility of the obese woman's narrative of her ability to stand, sit, etc., the administrative law judge would have to determine the effect of her obesity on that ability. Thus, as we said in an analogous case, though it involved arthritis rather than disk disease, "Even if Barrett's arthritis was not particularly serious in itself, it would interact with her obesity to make standing for two hours at a time more painful than it would be for a person who was either as obese as she or as arthritic as she but not both." *Barrett v. Barnhart*, *supra*, 355 F.3d at 1068; see also *Celaya v. Halter*, 332 F.3d 1177, 1182 (9th Cir. 2003).

Gentle's psychiatric problems similarly required the administrative law judge's consideration, not because they are disabilities, but because they can make Gentle's underlying disability—restricted mobility as a result of spinal disk disease—more serious. *Snell v. Apfel*, 177 F.3d 128, 136 (2d Cir. 1999). Given her disk disease as aggravated by her obesity, her problems of concentration, and her allergies,

work in the supermarket or lunchroom would be difficult and stressful for her. Now add to that depression and anxiety, and how likely is that she could work full time, day after day, week after week? That is not for us to decide but, in the first instance at least, for the administrative law judge to decide; as with obesity, he has not done so.

The judgment is reversed and the case remanded to the Social Security Administration for further proceedings consistent with this opinion.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*