OPINION
GARTH, Circuit Judge:
Appellant Alice Louise Smith (“Smith”) appeals from the District Court’s grant of summary judgment in favor of appellee, Michael J. Astrue, Commissioner of Social Security (“Commissioner”), and against Smith. The District Court affirmed the Commissioner’s denial of Smith’s claims for Disability Insurance Benefits (“DIB”) and Supplemental Security Income (“SSI”). We will affirm.
I.
Smith was 38 years old at the time of the hearing that resulted in the denial of her claims for SSI and DIB that gave rise to this appeal. She is married and has four children, who at the time of the hearing were ages 16, 15, 14, and 3. Smith graduated from high school and also attended some computer training classes at a vocational school. She has worked as a school bus driver, a seamstress, and a nurse’s aide. Smith last worked on December 4, 2003.
On August 22, 2005, Smith applied for DIB and SSI under titles II and XVI, respectively, of the Social Security Act (“the Act”), codified at 42 U.S.C. §§ 401-03 and 1381-1383(f), respectively. In her application, Smith alleged disability as of December 5, 2003, due to degenerative disk disease and gastroesophogeal reflux disease (“GERD”).
After Smith’s claims were denied initially and upon reconsideration, Smith filed a request for an administrative hearing. On August 28, 2007, an administrative law judge (“ALJ”) conducted a hearing at which Smith, who was represented by counsel, and a vocational expert appeared and testified. On January 29, 2008, the ALJ issued a determination that Smith was not disabled from December 5, 2003 through the date of the decision.
The ALJ found that although Smith did suffer from “severe impairments,” Tr. at 14, she was nonetheless capable performing “light work,” Tr. at 15, and thus concluded that, considering Smith’s age, edu *315 cation, work experience, and residual functional capacity, “there are jobs that exist in significant numbers in the national economy that [Smith] can perform.” Tr. at 19.
Smith subsequently requested review of the ALJ’s determination, and on February 28, 2008, the Appeals Council of the Social Security Administration denied Smith’s request for review, thereby rendering the ALJ’s determination the final determination of the Commissioner. 20 C.F.R. §§ 404.981, 416.1481 (2009).
Smith then appealed to the District Court for the Western District of Pennsylvania, and both Smith and the Commissioner filed motions for summary judgment. On September 25, 2008, 2008 WL 4412236, a Magistrate Judge found that the ALJ’s determination that Smith is not disabled for DIB and SSI purposes was supported by substantial evidence. On that basis, the District Court denied Smith’s motion for summary judgment, granted the Commissioner’s motion for summary judgment, and affirmed the Commissioner’s determination. Memorandum Opinion and Order, Smith v. Commissioner of Social Sec., No. 08-581, 2008 WL 4412236 (W.D.Pa. Sept. 25, 2008).
Smith timely appealed, arguing that the District Court erred in finding that the ALJ’s decision was supported by substantial evidence, given that: (1) the ALJ did not accord controlling weight to the medical opinion of Smith’s treating physician; and (2) the ALJ failed to properly credit Smith’s complaints of pain.
II.
The District Court had jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.
Federal court jurisdiction in cases challenging the decision of the Commissioner has been expressly limited by Congress pursuant to 42 U.S.C. §§ 405(g) and 1383(c). Tobak v. Apfel, 195 F.3d 183, 186 (3d Cir.1999). These statutes provide that our review of the Commissioner’s decision is limited to a determination of whether substantial evidence supports the Commissioner’s findings. See Jones v. Sullivan, 954 F.2d 125 (3d Cir.1991). Substantial evidence is “more than a mere scintilla, but may be somewhat less than a preponderance.” Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir.2005). “It means such relevant evidence as a reasonable mind might accept as adequate.” Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir.1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir.1995)).
III.
A
Smith argues that the District Court erred in finding that the ALJ’s determination was based on substantial evidence, given that the ALJ failed to accord controlling weight to the medical report of Smith’s treating physician, Dr. Mamoon A1 Rasheed, M.D., dated August 23, 2007.
The report states that: (1) Smith is only able sit, stand, and walk for one hour each day; (2) Smith is completely unable to bend, stoop, crawl, climb, balance, crouch, or kneel; (3) Smith requires “[c]omplete freedom to rest frequently throughout the day”; (4) Smith must “lie down, or sit on a recliner for a substantial period of time during the day”; and (5) Smith suffers from conditions that are of a permanent nature. Tr. at 208-10. As noted by the ALJ, “[Dr. Rasheed’s] conclusions that the claimant can do no postural activity would indicate that the claimant is essentially bedridden.” Tr. at 18.
*316 Smith argues that the ALJ erred in failing to attribute controlling weight to Dr. Rasheed’s opinion, given that he is Smith’s treating physician. However, a treating physician’s opinion is accorded controlling weight only if the ALJ finds that the opinion is “well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [in the] case record.” 20 C.F.R. § 404.1527(d)(2). See also Jones, 954 F.2d at 128-29. In this case, Dr. Rasheed’s opinion, as set forth in his report, is contradicted by several pieces of evidence in the record.
First, the opinion of Dr. Nabil Jabbour, M.D., who conducted a consultative examination of Smith on April 5, 2006, and found that Smith’s joints had a “full range of motion without swelling or tenderness,” Tr. at 188, that she was “able to squat” and “walk on her toes and heels,” that “[t]here was no limitation on function for sitting, standing, walking, lifting or grasping,” and that Smith’s “gait was normal.” Tr. at 189. While Dr. Jabbour did conclude that Smith suffers from lower back pain and GERD, his findings with regard to Smith’s ability to perform basic functions such as sitting, standing, and walking are directly at-odds with those expressed by Dr. Rasheed in his report.
Second, Dr. Rasheed’s treatment notes reveal: On June 13, 2005, Dr. Rasheed noted that Smith had a “[g]ood range of motion” in both her extremities and her musculoskeletal system. Tr. at 173. On September 20, 2005, Dr. Rasheed noted that, other than a cough, Smith is “doing OK,” with no mention of any back pain. Tr. at 171. Additionally, on November 27, 2006, Dr. Rasheed found Smith’s straight-leg raise and cross-straight leg raise test to be normal. Tr. at 202.
Third, Smith testified that she was the primary caregiver for her youngest child, who was born in September 2004. Tr. at 36, 40. Though Smith noted that her children assist with childcare over the summers, and that her husband had been helping her since he was laid-off, id., even a highly conservative calculation yields a period of at least two full years during which Smith was the sole caregiver for her child.[1] This fact is very difficult to reconcile with the virtually bed-ridden individual described in the report.
Since, as set forth above, Dr. Rasheed’s medical opinion is contradicted by several pieces of evidence in the record and also contains internal inconsistencies, it is not entitled to the level of deference otherwise accorded to a treating physician’s opinion. See 20 C.F.R. § 404.1527(d)(2); Jones, 954 F.2d at 128-29. In addition, checklist forms such as Dr. Rasheed’s report, which require only that the completing physician “check a box or fill in a blank,” rather than provide a substantive basis for the conclusions stated, are considered “weak evidence at best” in the context of a disability analysis. Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir.1993).[2]
*317 Based on the foregoing, we conclude that the ALJ did not err in failing to accord controlling weight to the opinion of Smith’s treating physician.

B.

Smith argues that the ALJ erred in failing to properly credit Smith’s complaints of pain. Smith stated that her pain was “about an eight” on a scale of one to ten, with ten being “the worst possible pain,” Tr. at 41, and that the severity and constant nature of her pain precluded her from being able to work. Tr. at 123-26. The ALJ determined that Smith’s statements regarding the intensity, persistence, and limiting effects of her pain were “not entirely credible, and only fair at best.” Tr. at 17.
20 C.F.R. § 404.1529 dictates the manner in which an ALJ is to evaluate a claimant’s reports of debilitating pain. Under the regulation, the ALJ considers the extent to which the reported pain “can reasonably accepted as consistent with the objective medical evidence and other evidence.” Id. § 404.1529(a). Some of the factors that should be considered when evaluating claims regarding the nature and severity of the pain include the claimant’s daily activities, the type of medication taken to alleviate the pain, and the treatment received for the pain. Id. § 404.1529(c).
In terms of Smith’s daily activities, the fact that she was able to act as the sole caretaker of her young child for at least two full years, see supra n. 1, indicates a lesser level of pain than what is claimed.[3] The same is true with regard to the medication taken by Smith to alleviate her pain as well as the other treatments prescribed. For a large portion of the period for which Smith claims disability, Smith’s pain was treated with over-the-counter pain relievers, see Tr. at 167, 173, 207, rather than with stronger, narcotic-based medication that one would expect to be necessary if Smith’s pain was truly as debilitating as was claimed.[4] In addition, at Smith’s June 23, 2006 visit with Dr. Rasheed, he advised her to engage in aerobic exercise to alleviate her back pain, Tr. at 207, — a seemingly incongruous recommendation for someone experiencing the intense and overpowering pain claimed by Smith.
While we have held, as noted by Smith, Br. of Appellant at 25-26, that an ALJ is obligated to give “serious consideration” to a claimant’s subjective complaints, Burns v. Barnhart, 312 F.3d 113, 129 (3d Cir.2002), this does not mean that the ALJ must fully credit a claimant’s testimony regarding her pain. See id. Rather, it *318 simply means that the ALJ must take care to address such evidence in the course of his findings. Id. The ALJ in this case specifically addressed Smith’s claims regarding pain, and concluded, based upon the medical and other evidence in the record, that the claims were not entitled to full credit. Tr. at 17-18.
Substantial evidence in the record indicates that the pain suffered by Smith during the period of her claim was not as intense or debilitating as she claims. Thus, the ALJ did not err in failing to fully credit Smith’s complaints of pain.
IV.
The ALJ did not err in failing to accord controlling weight to the opinion of Smith’s treating physician, nor did he err in failing to fully credit Smith’s complaints of pain. The ALJ’s determination was based on substantial record evidence. Therefore, the District Court did not err in granting the Commissioner’s motion for summary judgment. We will affirm its judgment.

. Smith’s husband was unemployed as of March 23, 2007. Tr. at 29. It is reasonable to assume that Smith's three oldest children, who are of school-age, Tr. at 35, were only available to assist Smith with childcare for a maximum of three months during each calendar year (i.e., June, July, and August). Since Smith's youngest child was born on September 18, 2004, Tr. at 36, even a conservative estimate reveals that Smith acted as the sole caretaker for her youngest child for a minimum of 24 months — during which time, according to her claim, she was completely disabled and unable to perform any type of work.

. In contrast to the wholly conclusory nature of Dr. Rasheed’s opinion as set forth in his report, Dr. Jabbour’s opinion is buttressed by *317 a recitation of detailed clinical findings. Compare Tr. at 208-11 with Tr. at 187-89.

. Smith argues that Gentle v. Barnhart, 430 F.3d 865 (7th Cir.2005), "flatly reject[s] ... the argument that caring for an infant [i]s evidence of an ability to perform full time competitive work.” Brief of Appellant, Smith v. Astrue, No. 08-4634 (3d Cir. Feb. 17, 2009). Gentle is easily distinguishable, however, because there, the claimant cared for her child "with the aid of her sister, a neighbor, and another woman," 430 F.3d at 867, whereas here Smith was the sole caretaker for a period of at least two full years. See supra n. 1.

. Smith was prescribed OxyContin only after an October 27, 2006 visit to Dr. Rasheed. Tr. at 203. This was a marked contrast to Dr. Rasheed’s assessment of Smith's need for pain alleviation during her June 23, 2006 visit, when he prescribed only Motrin, and also advised her to engage in aerobic exercises and swimming. Tr. at 207. While Smith does not point to any particular incident between June and October 2006 that would have resulted in an increase in her pain to the point that narcotic-based pain medication was necessary, the Commissioner notes that Smith’s request for an administrative hearing was made during this period, on August 15, 2006. Brief of Appellee, Smith v. Astrue, No. 08-4634 (3d Cir. Mar. 13, 2009) at 27 (citing Tr. at 69).