**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| THERESA ANN LEE, | No. 14-15463 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00759-DGC |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted February 12, 2016
San Francisco, California

Before: SCHROEDER and NGUYEN, Circuit Judges and ADELMAN,[**] District
Judge.

Theresa Ann Lee appeals from the district court's judgment upholding the

administrative denial of her claim for disability benefits.  We review the record de

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Lynn S. Adelman, United States District Judge for the
Eastern District of Wisconsin, sitting by designation.

novo.  The administrative law judge's ("ALJ") decision may be reversed only if it is not supported by substantial evidence or based on legal error.  *See e.g., Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).

Lee's past relevant work was as a receptionist and data entry clerk.  In ruling that she was not disabled and could return to such work, the ALJ discredited the opinion of the treating cardiologist.  Our law requires the ALJ to provide clear and convincing reasons for doing so. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995).  The ALJ satisfied that requirement.  The physician's conclusions concerning her inability to return to work were inconsistent with the record of her daily activities, which included caring for young children and attendant responsibilities.  The ALJ also found the treating physician's opinion inconsistent with his long-term record of treatment, and that finding is supported by the medical records.  The claimant's descriptions of her symptoms were inconsistent with the ALJ's observations and with those reported in a consultative examination.  The ALJ's decision was therefore supported by substantial evidence.

**AFFIRMED**.



*Theresa Ann Lee  v Colvin   14-15463*

ADELMAN, District Judge, dissenting.

I respectfully dissent.  The ALJ rejected the treating cardiologist's opinion as inconsistent with the longitudinal medical evidence, but he overlooked indications in the treatment notes that while Lee's tachycardia responded to treatment she continued to experience episodes of autonomic disorder with complaints of fatigue, dizziness, and near fainting.  *See Garrison v. Colvin*, 759 F.3d 995, 1017 & n.23 (9th Cir. 2014) (noting that ALJ may not cherry-pick from mixed results); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) (noting that doctor's statements must be read in context of the overall diagnostic picture he draws).  The ALJ also cited the doctor's approval of an exercise program, but without some indication of what such a program would entail it is hard to see how that recommendation contradicted the doctor's opinion regarding Lee's limitations.  *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (noting that claimant's ability to engage in therapeutic exercise does not necessarily translate into ability to work full-time).  Finally, the ALJ relied on Lee's daily activities, citing a lone example – a volunteer project picking up rocks in a river bed; Lee testified she did that just once, and the record contains no evidence that in so doing she exerted herself beyond the doctor's restrictions.  *See id.* ("One does not need to be 'utterly incapacitated' in order to be disabled.").

Earlier in his decision, the ALJ noted Lee's ability to care for her children, but

the record indicates that she had help.  In any event, an ALJ should not assume that a claimant who maintains custody of her children is also capable of full-time gainful employment.  *See Gentle v. Barnhart*, 430 F.3d 865, 867 (7th Cir. 2005); *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (noting that many home activities are not easily transferable to the more demanding environment of the workplace).

I would remand on an open record for further proceedings so that the ALJ may reconsider his assessment of the cardiologist's opinion in light of all the evidence, including the treatment notes and the opinions of the examining and non-examining consultants.  *See Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014); *Treichler v. Comm'r of SSA*, 775 F.3d 1090, 1100-02 (9th Cir. 2014).