ADELMAN, District Judge,
dissenting.
I respectfully dissent. The ALJ rejected the treating cardiologist’s opinion as inconsistent with the longitudinal medical evidence, but he overlooked indications in the treatment notes that while Lee’s tachycardia responded to treatment she continued to experience episodes of autonomic disorder with complaints of fatigue, dizziness, and near fainting. See Garrison v. Colvin, 759 F.3d 995, 1017 & n. 23 (9th Cir.2014) (noting that ALJ may not cherry-pick from mixed results); Holohan v. Massanari, 246 F.3d 1195, 1205 (9th Cir.2001) (noting that doctor’s statements must be read in context of the overall diagnostic picture he draws). The ALJ also cited the doctor’s approval of an exercise program, but without some indication of what such a program would entail it is hard to see how that recommendation contradicted the doctor’s opinion regarding Lee’s limitations. See Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir.2001) (noting that claimant’s ability to engage in therapeutic exercise does not necessarily translate into ability to work full-time). Finally, the ALJ relied on Lee’s daily activities, citing a lone example — a volunteer project picking up rocks in a river bed; Lee testified she did that just once, and the record contains no evidence that in so doing she exerted herself beyond the doctor’s restrictions. See id. (“One does not need to be ‘utterly incapacitated’ in order to be disabled.”).
*429 Earlier in his decision, the ALJ noted Lee’s ability to care for her children, but the record indicates that she had help. In any event, an ALJ should not assume that a claimant who maintains custody of her children is also capable of full-time gainful employment. See Gentle v. Barnhart, 430 F.3d 865, 867 (7th Cir.2005); see also Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989) (noting that many home activities are not easily transferable to the more demanding environment of the workplace).
I would remand on an open record for further proceedings so that the ALJ may reconsider his assessment of the cardiologist’s opinion in light of all the evidence, including the treatment notes and the opinions of the examining and non-examining consultants. See Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir.2014); Treichler v. Comm’r of SSA, 775 F.3d 1090, 1100-02 (9th Cir.2014).