# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No.  03-1743

_____

Carroll F.  Dixon,                          *
                                            *
            Appellant,                      *
                                            *        Appeal from the United States
    v.                                      *        District Court for the
                                            *        Eastern District of Missouri.
Jo Anne B. Barnhart,                        *
                                            *            [PUBLISHED]
            Appellee.                       *
                                            *


_____

Submitted:  September 8, 2003
    Filed:   December 22, 2003

_____

Before LOKEN, BRIGHT, and  HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

Carroll Dixon filed an application for Social Security Disability Insurance Benefits under 42 U.S.C. § 423 (2000), alleging that he suffered from disabling chronic back pain, degenerative disc disease, and posttraumatic stress disorder ("PTSD").  His application was denied initially and on reconsideration.  An Administrative Law Judge ("ALJ") concluded that Dixon's physical impairments were "not severe," and terminated, at step two, the five-step sequential analysis required

for a finding of eligibility. The Appeals Council and the district court[1] affirmed. On appeal, Dixon argues that substantial evidence does not support a finding that his impairments were not severe. We affirm the district court's judgment.

## I. Background

Dixon worked in maintenance for the National Park Service when he incurred a back injury on March 17, 1986. He filed for and received federal worker's compensation benefits through December 2, 1997. Dixon saw several doctors between March 1986 and December 1991.[2] His primary treating physician was Dr. David Dale. Dr. Dale began treating Dixon in December 1986 and continues to treat Dixon. Dixon also received treatment at several Veteran's Administration hospitals.

The administrative record details numerous visits with Dr. Dale between December 1986 and December 1991. Dixon complained of lower back pain and nerves, and was generally taking medication for both. In a July 17, 1990, medical report filed with the United States Department of Labor, Dr. Dale reported that Dixon suffered from "chronic [] sacral neuropathy" and was unable "to lift, stand, bend or sit for even relatively short periods of time." Dr. Dale concluded that Dixon was totally disabled. Other reports from Dr. Dale in June 1990 and October 1989 list identical findings.

Several other physicians also treated Dixon. In a May 1987 letter to the Office of Worker's Compensation Programs, Dr. Samuel Brayfield reported that Dixon had pain near his lower back and advised the Office that Dixon could not return to his former job. In March 1988, Dr. Paul Young diagnosed Dixon with "Lumbar

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

[2]Dixon was last insured for disability benefits on December 31, 1991. In order to recover benefits, he was required to prove that he was disabled as of that date.

intervertebral disc disease." The administrative record also contains numerous Veterans Hospital reports from the relevant period which indicate that Dixon complained of both anxiety and back pain.

The ALJ found that Dixon suffered from two identifiable impairments: chronic back pain and PTSD. The ALJ also found that Dixon had not engaged in substantial gainful activity since December 1, 1986. However, the ALJ discredited Dixon's subjective complaints regarding his impairments. In addition, the ALJ discredited Dr. Dale's medical conclusions regarding Dixon's conditions, finding that they were "inconsistent with the medical evidence as a whole and [could not] be adopted." Ultimately, the ALJ found that Dixon's impairments were not severe. The Appeals Council denied Dixon's request for review, making the ALJ's decision the final decision of the Commissioner. The district court adopted the magistrate judge's report and recommendation to affirm the Commissioner's decision.

## II. Standard of Review

This court will affirm the Commissioner's findings if they are supported by substantial evidence on the record as a whole. Simmons v. Massanari, 264 F.3d 751, 755 (8th Cir. 2001). Substantial evidence is evidence that a reasonable person would find adequate to support a decision. Id. "[T]he review we undertake is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision, we also take into account whatever in the record fairly detracts from that decision." Cox v. Apfel, 160 F.3d 1203, 1207 (8th Cir. 1998). "If, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the decision of the Commissioner." Nguyen v. Chater, 75 F.3d 429, 431 (8th Cir. 1996).

3

### III. Dixon's Mental Impairment

A five-step sequential analysis is used to determine disability under the Act. The Commissioner of Social Security must evaluate: (1) whether the claimant is presently engaged in a substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations; (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. Simmons, 264 F.3d at 754-55; 20 C.F.R. § 404.1520 (2003). The sequential analysis can be discontinued at step two "when an impairment or combination of impairments would have no more than a minimal effect on the claimant's ability to work." Simmons, 264 F.3d at 755. The issue here is whether there was substantial evidence on the record as a whole that Dixon's impairments had "no more than a minimal effect" on his ability to work as of December 1991, twelve years ago.

The ALJ's finding had two components. First, the ALJ discredited both Dixon's subjective complaints of suffering and his treating physician's medical opinions. Second, the ALJ considered the absence of specific treatment and confirming medical history. We discuss both components in turn.

The ALJ's decision to discredit Dixon's subjective complaints of PTSD must be supported by substantial evidence. Rautio v. Bowen, 862 F.2d 176, 179 (8th Cir. 1988). In discrediting a claimant's subjective complaints, an ALJ is required to consider all available evidence on the record as a whole and is required to make an express credibility determination. Lowe v. Apfel, 226 F.3d 969, 971 (8th Cir. 2000). Because of the difficulty evaluating medical symptoms such as pain and suffering, the Social Security Administration and this court have established guidelines for

4

evaluating a claimant's subjective complaints. Factors to be considered include the claimant's daily activities; the duration, frequency, and intensity of the pain; precipitating and aggravating factors; dosage, effectiveness, and side effects of medication; and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984); 20 C.F.R. § 404.1529(c)(3) (2003). Additional factors include treatments, other than medication, that the claimant has used to relieve pain or other symptoms, and any other measures that the claimant has used to relieve pain and other symptoms. 20 C.F.R. § 404.1529(c)(3)(v-vi) (2003). Furthermore, "[t]he ALJ may discount subjective complaints of physical and mental health problems that are inconsistent with medical reports, daily activities, and other such evidence." Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997).

The ALJ expressly listed the Polaski factors in his discussion. Based on the Polaski factors, we agree that substantial evidence supports the decision to discredit Dixon's subjective complaints. The record shows no treatment for PTSD other than prescription medications to alleviate anxiety and depression. There is no indication in the record that Dixon saw a specialist or therapist. No actual psychiatric diagnosis of PTSD appears in the record for the relevant time frame, although Dixon told a mental status evaluator in 1989 that he had been previously diagnosed with PTSD arising from his service in Vietnam. (Tr. at 140.) In addition, Dixon's subjective complaints are inconsistent with medical diagnoses and with Dr. Dale's medical opinions. Medical opinions of a treating physician are normally accorded substantial weight. Singh v. Apfel, 222 F.3d 448, 452 (8th Cir. 2000). However, medical opinions must be supported by acceptable medical evidence and must not be inconsistent with other evidence on the record as a whole. Id. In this case, Dr. Dale's medical records do not support a finding of severe PTSD. There is no evidence that Dr. Dale ran psychiatric tests for PTSD. In addition, Dr. Dale was not a psychiatric specialist. "The Commissioner is encouraged to give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." Id. at 452.

5

We also agree that Dr. Dale's medical opinions are inconsistent with Dixon's complaints of severe, disabling PTSD. Although Dr. Dale indicated in several reports that he considered Dixon totally disabled, the only impairment to which he refers in those reports is "chronic sacral neuropathy," which relates to back pain, not to PTSD. Lastly, Dixon's work history is inconsistent with disabling PTSD. Although the back pain began in 1986, the record indicates any PTSD stems from Dixon's Vietnam service in 1969. After Vietnam, the record shows that Dixon worked as a salesman for a period, and then full time between 1977 and 1986.

## IV. Dixon's Physical Impairment

Dixon failed to argue to the district court that the ALJ erred in holding that his physical impairment was not severe. ("Plaintiff does not take issue with the ALJ's conclusion in regard to his alleged physical impairments."). (Magistrate Judge's Report and Recommendation at 41.) Dixon made no objection to the magistrate judge's observation when he filed his objections to the Report and Recommendation. Dixon's initial brief filed in support of his complaint states that "mental problems are Mr. Dixon's most serious impairment from a vocational standpoint." (Plaintiff's D. Ct. Br. at 4.) Because Dixon did not argue to the district court that the decision with regard to his physical impairment (chronic back pain) was in error, he has waived this issue on appeal. Orr v. Wal-Mart Stores, Inc., 297 F.3d 720, 725 (8th Cir. 2002).

## V. Conclusion.

For the reasons stated above, we affirm the judgment of the district court.

_____