# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3255

_____

| | | |
|---|---|---|
| Gregory Kelley, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Jo Anne B. Barnhart, Commissioner of | * | |
| Social Security, | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: March 11, 2004
Filed: June 17, 2004

_____

Before RILEY and MELLOY, Circuit Judges, and ERICKSON,[1] District Judge.

_____

MELLOY, Circuit Judge.

---

[1]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, sitting by designation.

Gregory Kelley appeals the district court's[2] order affirming the Commissioner's determination that he was not disabled.  We affirm.

I.

Kelley applied for disability insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401 et seq., and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 et seq.  Before the ALJ, Kelley claimed disability due to a genetic skin condition and related impairments.  He specifically alleged swelling, blisters, peeling, lesions, infections, chronic itching, fatigue, inability to sleep, depression, and irritability.  The ALJ reviewed the records of treating and consulting physicians and psychiatrists.  In addition, the ALJ considered Kelley's work history, Kelley's subjective claims of physical limitations, the non-health-related reasons for Kelley's termination of employment, and the fact that Kelley repeatedly failed to comply with his prescribed medication and treatment regimen.

The ALJ determined that Kelley's physical and mental impairments, individually and collectively, were not severe.  In reaching this determination, the ALJ discounted Kelley's complaints as well as Kelley's personal descriptions of his limitations.  The Appeals Council declined further review, and the ALJ's decision became the final decision of the Commissioner.  The district court affirmed.  On appeal, Kelley argues that the ALJ failed to consider certain evidence favorable to a finding of a severe impairment, namely, the opinion of a consulting, non-treating psychiatrist, Dr. Scott Morrison.  Kelley argues specifically that, in light of Dr. Morrison's opinion, there is not substantial evidence to support the ALJ's

---

[2]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

determination. We address below the evidence in support of the ALJ's findings as well as Dr. Morrison's opinion.

Kelley's past relevant work experience was as a machine operator at a factory. Kelley lost his job as a machine operator in 1999 when his employer's business closed. He then worked briefly as a production laborer until he was laid off. Kelley did not leave employment due to his medical condition.

Kelley testified he was on medication for itching, insomnia, and depression, the medications helped "a little bit," and they caused no adverse side effects. He claimed to have lesions on his neck, back, hands, and feet and claimed this skin condition affected his ability to work. He described his ability to work as limited because he could only sit for one to two hours at a time, stand for one hour at a time, and walk for one-half block. In addition, he claimed fatigue limited his ability to lift. He said he would not be able to perform his past relevant work as a machine operator because he was intolerant to sunlight and heat and because he had swelling in his feet. Finally, he stated he had a poor memory and lost his temper two or three times per week at which times he would curse a great deal.

Kelley's history of medical treatment contained many instances of missed or canceled appointments and repeated failures to take prescribed medicines. He sought treatment for a rash in August of 2000, received treatment, and in October 2000, showed improvement. He sought treatment for a right ganglion cyst in 2002 and declined the suggested treatment, stating that the cyst really did not bother him too much at the time. In addition, he failed to fill certain skin treatment prescriptions.

He sought psychiatric treatment in January 2001, was diagnosed with a major depressive disorder secondary to his general medical condition, and received a course of treatment that continued through May 2002. His psychiatrist noted numerous canceled appointments, a general improvement in Kelley's condition when he took

-3-

his medications, and a general decline in Kelley's condition when he failed to take his medications. The ALJ concluded, "[T]reatment has been minimal considering claimant's allegations of a disabling medical condition."

A consulting physician examined Kelley in April 2002 and found Kelley's ability to perform work-related functions such as sitting, standing, walking, lifting, carrying, handling objects, hearing, speaking, and traveling unlimited. Consulting psychiatrist, Dr. Scott Morrison, M.D., also examined Kelley in April 2002. Although Kelley argues that the ALJ failed to consider Dr. Morrison's opinion, the record belies Kelley's claim. The ALJ stated in his findings:

> [Dr.] Morrison . . . indicated that it was impossible for him to perform a very thorough examination of claimant because of his profound sleepiness, much of the time, claimant seemed not to be paying attention. Overall, Dr. Morrison noted that it was impossible for him to make a definitive diagnosis in claimant's case.

Kelley focuses on a different portion of Dr. Morrison's opinion. In particular, Kelley points to a Medical Source Statement that Dr. Morrison completed in which he checked answers to standard questions to indicate: (1) Kelley had moderate restrictions on his ability to understand, remember, and carry out short, simple instructions; (2) Kelley had marked restrictions on his ability to understand, remember, and carry out detailed instructions; and (3) Kelley had marked restrictions on his ability to interact appropriately with the public, supervisors, co-workers, and work pressures in a usual work setting.

II.

We review de novo the district court's decision to uphold the denial of social security benefits. Pettit v. Apfel, 218 F.3d 901, 902 (8th Cir. 2000). Our review of the Commissioner's decision, however, is deferential, and we do not substitute our

own view of the evidence for that of the Commissioner. See id. Rather, we affirm the Commissioner's decision if supported by substantial evidence on the record as a whole. Dixon v. Barnhart, 353 F.3d 602, 604 (8th Cir. 2003); Grebenick v. Chater, 121 F.3d 1193, 1197-98 (8th Cir. 1997); Hall v. Chater, 109 F.3d 1255, 1258 (8th Cir. 1997). Substantial evidence is evidence that a reasonable mind would find as adequate to support a decision, considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The fact that some evidence may support a conclusion opposite from that reached by the Commissioner does not alone permit our reversal of the Commissioner's decision. Gaddis v. Chater, 76 F.3d 893, 895 (8th Cir. 1996). Rather, "'[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the decision of the Commissioner.'" Dixon, 353 F.3d at 604 (quoting Nguyen v. Chater, 75 F.3d 429, 431 (8th Cir. 1996)).

In evaluating claims for disability, we conduct a five step sequential evaluation: (1) is the claimant engaging in substantial gainful activity; (2) does the claimant have severe impairment(s); (3) does the impairment or combination of impairments meet or equal an impairment listed in the Listing of Impairments in Appendix 1, Subpart P, 20 C.F.R. Part 404; (4) does the impairment or combination of impairments prevent the claimant from doing past relevant work; and (5) does the impairment or combination of impairments prevent the claimant from doing any other work which exists in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(f). Here, the ALJ concluded the evaluation at step 2 after discounting Kelley's complaints and finding that Kelley had no severe impairments. We agree with these findings.

The absence of supporting medical evidence is relevant to the consideration of a claimant's subjective medical complaints. See Wilson v. Chater, 76 F.3d 238, 241 (8th Cir. 1996); 20 C.F.R. § 416.928 ("Your statements (or those of another person)

alone, however, are not enough to establish that there is a physical or mental impairment."). Further, a failure to follow prescribed medical treatment without good cause is a basis for denying benefits. Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). Infrequent treatment is also a basis for discounting a claimant's subjective complaints. Benskin v. Bowen, 830 F.2d 878, 884 (8th Cir. 1987). Finally, the ALJ may consider a claimant's unresponsive or exaggerated responses during medical examination as well as the fact that a claimant left work for reasons other than a medical condition. See Jones v. Callahan, 122 F.3d 1148, 1152 (8th Cir. 1997) (noting that ALJ may consider evidence that a claimant has exaggerated his or her symptoms when evaluating claimant's subjective complaints of pain); Browning v. Sullivan, 958 F.2d 817, 823 (8th Cir. 1992) (finding that a cessation of work for reasons unrelated to medical condition militated against a finding of disability).

Here, more than substantial evidence supports the Commissioner's decision. The infrequency of Kelley's attempts to treat his condition and his failure to follow his prescribed treatments were actions inconsistent with the severity of his complaints. Kelley left work for reasons unrelated to his medical conditions. Kelley's own description of his work limitations were out of proportion with those described by the consulting physician and out of proportion with any evidence provided by the records of treating physicians. In light of these inconsistencies, it was permissible for the Commissioner to discount Kelley's subjective complaints. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir.1984). Having discounted these complaints, the medical records, the conclusions of the consulting physicians, and Kelley's work history provided substantial evidence to support a finding of no severe impairment(s).

Although the responses that Dr. Morrison provided on the Medical Source Statement indicated some marked limitations, Dr. Morrison questioned the validity of his own opinion due to Kelley's non-responsiveness during examination. Accordingly, it was permissible for the Commissioner to conclude that Dr.

Morrison's opinion did not support a finding of a severe impairment. Further, even if Dr. Morrison's responses had been more conclusive, the presence of evidence that might support a conclusion opposite to that reached by the Commissioner does not permit reversal if the balance of the record lends substantial support to the Commissioner's decision. <u>Dixon</u>, 353 F.3d at 604.

We affirm the judgment of the district court.

_____