# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3180

_____

Geneve Hartfield,                     *
                                      *
      Plaintiff - Appellant,         *
                                      * Appeal from the United States
      v.                             * District Court for the Western
                                      * District of Missouri.
Jo Anne B. Barnhart, Commissioner of  *
Social Security,                      *
                                      *
      Defendant - Appellee.          *

_____

Submitted: March 12, 2004
Filed: September 27, 2004

_____

Before RILEY and MELLOY, Circuit Judges, and ERICKSON,[1] District Judge.

_____

MELLOY, Circuit Judge.

---

[1] The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, sitting by designation.

Geneve Hartfield appeals the district court's[2] order affirming the Commissioner of Social Security's (the "Commissioner") decision to deny her application for parent's insurance benefits. We affirm.

## I.

Hartfield applied for parent's insurance benefits under the Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401 et seq. (2004), on August 16, 1999. She alleged that her son, David Cannon, provided one-half of her financial support in the relevant period of time before his death on December 19, 1994, and as a result, she was entitled to parent's insurance benefits under the Act. The application was denied by the Social Security Administration, reconsidered and still denied, and then brought before an Administrative Law Judge ("ALJ"). The ALJ found that because Hartfield did not establish that she received at least one-half of her support from Cannon, she was not entitled to parent's insurance benefits. The Appeals Council of the Social Security Administration denied Hartfield's request for review of the decision by the ALJ. Subsequently, the district court affirmed the decision of the Commissioner. Hartfield now appeals the district court's ruling.

Hartfield alleges that she received over one-half of her support from her son during the relevant time period for her estimated expenses of $1400 per month. During the same period, she received a Social Security retirement benefit of $461.00 per month and food stamps worth $23.00 per month. Hartfield estimated that her son paid for the remainder of her expenses. Hartfield further alleged that she often received cash (including regular $200 monthly payments) from Cannon, but acknowledged that this money was used to pay her grandchildren's expenses in addition to her own. These cash transactions were not recorded with receipts. During

[2] The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

this time period, Cannon and his two children lived with Hartfield. She provided room, board, childcare for both children, and use of the her vehicle to Cannon.

## II.

We review de novo the district court's decision to uphold the denial of Social Security benefits, Pettit v. Apfel, 218 F.3d 901, 902 (8th Cir. 2000). However, our review of the Commissioner's final decision is deferential and we review that decision only to ensure that it is supported by substantial evidence in the record as a whole. Dixon v. Barnhart, 353 F.3d 602, 604 (8th Cir. 2003). Substantial evidence is evidence that a reasonable mind would find adequate to support a decision, considering both evidence that detracts from and evidence that supports the Commissioner's decision. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). However, the mere fact that some evidence may support the opposite conclusion than that reached by the Commissioner does not compel this Court to reverse the decision of the ALJ. Gaddis v. Chater, 76 F.3d 893, 895 (8th Cir. 1996). Further, "'[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the decision of the Commissioner.'" Dixon, 353 F.3d at 605 (quoting Nguyen v. Chater, 75 F.3d 429, 431 (8th Cir. 1996).

The primary issue in this case is whether Hartfield has met her statutory burden to prove that she was receiving at least one-half of her support from Cannon for the twelve-month period preceding his death. 42 U.S.C. § 402(h)(1)(B) (2004); 20 C.F.R. § 404.366(b) (1999). The Commissioner issued a set of internal rules, the Program Operations Manual System ("POMS") to aid in determinations such as these. While these internal rules do not have legal force and do not bind the Commissioner, courts should consider them in their findings. Shontos v. Barnhart, 328 F.3d 418, 424 (8th Cir. 2003). The relevant section from the POMS requires that the Commissioner calculate a deceased wage earner's "net contribution to the support of the parent and

compare that amount with the parent's income from other sources." RS 01301.195.B.2. Further, the rule requires that the value of room, board, and other benefits provided by the parent to the child be considered.

Hartfield's income (from social security and food stamps) during the relevant time period was approximately $484. At first glance, simple subtraction implies that Hartfield was receiving payment for over one-half of her expenses from another source ($1400 minus $484 equals $916). However, the figures offered by Hartfield do not account for the value of the room and board received by Cannon for himself and his children. Hartfield also allowed Cannon to use her primary vehicle. The district court and the ALJ estimated that the combined value of child care provided by Hartfield was quite substantial.

It is inadequate for Hartfield to simply subtract her income from her estimated total expenses when her son and two children shared in those expenses. Instead, Hartfield must prove that Cannon paid over one-half of her expenses and not over one-half of the total household expenses. Hartfield only offered tax returns, copies of bills, and copies of checks she wrote from her own account — none of which demonstrate the amount of money she received from her son to pay for her expenses. There were no deposit slips or other evidence to document any money she received from her son for her own care or that of her son and grandchildren. As a result, the finding that Hartfield did not receive more than one-half of her total expenses from Cannon is supported by substantial evidence in the record as a whole.

We affirm the judgment of the district court.