# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 05-1735

———————

| | |
|---|---|
| Sharron Rose Crews, | * |
| | * |
| Appellant, | * |
| | * |
| v. | *  Appeal from the United States |
| | *  District Court for the |
| Jo Anne B. Barnhart, Commissioner, | *  Eastern District of Arkansas. |
| Social Security Administration, | * |
| | *  [UNPUBLISHED] |
| Appellee. | * |

———————

Submitted: May 30, 2006
Filed: June 5, 2006

———————

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Sharron Crews appeals the district court's[1] order affirming the Social Security Commissioner's decision to deny her application for supplemental security income at step two of the sequential evaluation process. Following careful review, we conclude substantial evidence in the record as a whole supports the administrative law judge's (ALJ's) conclusion, based in part on credibility findings, that Crews did not suffer

———————

[1]The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

from a severe physical or mental impairment or combination of impairments within the meaning of the Social Security Act. See Goff v. Barnhart, 421 F.3d 785, 792 (8th Cir. 2005) (this court will not disturb decision of ALJ who considers, but for good cause expressly discredits, claimant's subjective complaints); Dixon v. Barnhart, 353 F.3d 602, 604 (8th Cir. 2003) (substantial evidence is evidence that reasonable person would find adequate to support decision); Nguyen v. Chater, 75 F.3d 429, 430-31 (8th Cir. 1996) (sequential evaluation process may be terminated at step two only when impairment or combination of impairments would have no more than minimal effect on claimant's ability to work; claimant bears burden of establishing she has severe impairment that significantly limits her physical or mental ability to do basic work activities).

Accordingly, the judgment of the district court is affirmed. See 8th Cir. R. 47B.

_____