# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2958

_____

John A. Carson,                            *
                                           *
            Appellant,                     *
                                           *
      v.                                   *    Appeal from the United States
                                           *    District Court for the
Jo Anne B. Barnhart, Commissioner          *    Western District of Arkansas.
of Social Security Administration,         *
                                           *          [UNPUBLISHED]
            Appellee.                      *

_____

Submitted: October 6, 2006
Filed: October 19, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

John Carson appeals the district court's[1] order affirming the denial of disability insurance benefits. Following careful review, we conclude that substantial evidence in the record as a whole, including hearing testimony of a vocational expert, supported the administrative law judge's (ALJ's) finding that Carson, though unable to perform

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendations of the Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas.

his past relevant work as a hair stylist, was not disabled within the meaning of the Social Security Act because he retained the residual functional capacity (RFC) to perform certain sedentary jobs which existed in significant numbers in the local and national ecomony.  See Dixon v. Barnhart, 353 F.3d 602, 604-05 (8th Cir. 2003) (standard of review; substantial evidence is evidence that reasonable person would find adequate to support decision); Goff v. Barnhart, 421 F.3d 785, 790, 794 (8th Cir. 2005) (if claimant cannot perform past work, Commissioner must prove claimant retains RFC to do other kinds of work existing in substantial numbers in national economy; vocational expert's testimony based on properly phrased hypothetical question constitutes substantial evidence).  In addition, the ALJ offered valid reasons for discounting Carson's subjective complaints of pain to the extent alleged, see Goff, 421 F.3d at 792 (this court will not disturb decision of ALJ who considers, but for good cause expressly discredits, claimant's complaints of disabling pain), and for discounting physicians' unsupported or inconsistent opinions about Carson's inability to work, see Prosch v. Apfel, 201 F.3d 1010, 1013 (8th Cir. 2000) (treating physician's opinion, though normally entitled to great weight, does not automatically control and may be discounted or disregarded where inconsistencies undermine credibility of such opinion).

Accordingly, we affirm.  See 8th Cir. R. 47B.

_____