# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1069

_____

Frances Ball,                                          *
                                                       *
            Appellant,                                 *
                                                       *    Appeal from the United States
      v.                                               *    District Court for the
                                                       *    Eastern District of Missouri.
Jo Anne B. Barnhart, Commissioner of                   *
Social Security Administration,                        *    [UNPUBLISHED]
                                                       *
            Appellee.                                  *

_____

Submitted: January 23, 2007
Filed: January 30, 2007

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Frances Ball appeals the district court's[1] decision affirming the Social Security Commissioner's denial of disability insurance benefits and supplemental security income. She disputes the determinations made by the Administrative Law Judge (ALJ) that, during the relevant time period, her physical abnormalities would have had

_____

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri, adopting the report and recommendation of the Honorable Mary Anne L. Medler, United States Magistrate Judge for the Eastern District of Missouri.

no more than a minimal effect on her ability to work, and thus she did not have a severe impairment or combination of impairments.

We will affirm the Commissioner's decision if supported by substantial evidence on the record as a whole, taking into account both supporting evidence and evidence that detracts from the decision. See Dixon v. Barnhart, 353 F.3d 602, 604-05 (8th Cir. 2003) (sequential disability analysis can be discontinued upon determination that impairment or combination of impairments would have no more than minimal effect on claimant's ability to work; issue on appeal is whether, in light of supporting and detracting evidence, there was substantial evidence on record as whole to support that determination); Simmons v. Massanari, 264 F.3d 751, 755 (8th Cir. 2001) (substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision" (citing Cox v. Apfel, 160 F.3d 1203, 1206-07 (8th Cir. 1998))).

Upon careful review of the record, we conclude that the ALJ properly discounted the assessment made by Ball's treating physician, indicating that Ball could not perform even sedentary work. As the ALJ observed, the treating physician's assessment was inconsistent with Ball's medical record, including the physician's own treatment notes. Moreover, neither a consulting physician's report nor Ball's own hearing testimony adequately supported the treating physician's disability determination. See Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir. 1989) (while treating physicians' medical reports are ordinarily entitled to greater weight than consulting physicians' opinions, they do not conclusively determine disability status and "must be supported by medically acceptable clinical or diagnostic data" (citation omitted)). We further conclude that the ALJ's decision substantively and adequately covered the relevant considerations under Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), and that the ALJ's determination of Ball's limited credibility was supported by the record as a whole--particularly by the lack of significant medical diagnoses or treatment and by Ball's own description of her activities. See Lowe v.

<u>Apfel</u>, 226 F.3d 969, 972 (8th Cir. 2000) (ALJ was not required to discuss methodically each <u>Polaski</u> consideration, so long as considerations were acknowledged and examined before claimant's subjective complaints were discounted; upholding ALJ's credibility determination as adequately explained and supported by record as whole).

Accordingly, the district court's decision is affirmed.

_____