# United States Court of Appeals

### For the Eighth Circuit

_____

No. 14-3433

_____

Travis Dwayne Chaney

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: September 23, 2015
Filed: February 3, 2016

_____

Before RILEY, Chief Judge, BYE and BENTON, Circuit Judges.

_____

BYE, Circuit Judge.

Travis Chaney appeals the district court's[1] affirmance of the Social Security Commissioner's decision to deny disability benefits and supplemental security income under Titles II and XVI of the Social Security Act. We affirm.

I

Chaney filed an application for disability benefits on April 20, 2006, alleging disability beginning January 2, 2003. An administrative law judge ("ALJ") reviewed Chaney's claim and held an evidentiary hearing on October 6, 2008. During the hearing, Chaney testified as to his long-standing back pain, depression, and drug use. Chaney also testified regarding his activities, such as school, work, social life, and custody of his four-year-old daughter. Chaney testified he has full physical custody of his daughter, but he relies on the help of his parents to care for her, including cleaning his home, financial support, and maintaining utilities in his home. Along with other medical evidence, Chaney's treating physician submitted a questionnaire to be considered by the ALJ.

The ALJ found Chaney engaged in substantial gainful activity in 2003, the same year in which he graduated from massage therapy school. However, the ALJ found Chaney did not engage in substantial gainful activity in the following years. The ALJ also noted Chaney's severe impairments, including chronic low back pain, supported by MRI and other medical evidence; being overweight; hypertension; potential liver damage; increased levels of lipids in the blood; and disc degeneration, but that these impairments did not arise to an Appendix 1 listing. The ALJ found Chaney's depression and other mental health concerns were not severe. The ALJ assessed Chaney's residual functioning capacity ("RFC") and determined Chaney could perform work and was not disabled.

---

[1]The Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas, presiding by consent of the parties pursuant to 28 U.S.C. § 636(c).

Chaney filed a timely request for review, and the Appeals Council denied the request on October 29, 2009. Thereafter, Chaney filed a complaint in federal district court seeking judicial review of the Commissioner's decision. On February 2, 2011, the district court reversed and remanded with directions to request a mental RFC assessment from Chaney's treating doctor and therapist. On May 31, 2011, the Appeals Council vacated the prior ALJ decision and ordered a new hearing and decision. The ALJ conducted a hearing on December 9, 2011, at which Chaney testified again about his disabilities. Chaney testified he used methamphetamine intravenously and by snorting it. Chaney also testified he had recently smoked marijuana. Chaney testified he was not represented during child custody proceedings against his ex-wife, and he drinks only one or two beers a month. Along with other medical evidence, Chaney's treating psychiatrist submitted a questionnaire. At this hearing, Chaney amended his alleged onset date of disability to January 1, 2004.

The ALJ again issued an unfavorable decision, determining Chaney had severe impairments, including degenerative disc disease of the lumbar spine, small bilateral calcaneal spurs, hypertension, obesity, anxiety, and mood disorder, but those impairments did not arise to an Appendix 1 listing. The ALJ also found Chaney to be less-than-fully credible. Regarding Chaney's RFC, the ALJ determined Chaney could perform a limited range of light work involving occasional climbing of stairs, stooping, kneeling, crouching, and crawling; no climbing of ladders, ropes, or scaffolds; no work at exposed heights or around dangerous moving machinery; and unskilled work where the interpersonal contact is incidental to the work performed, complexity of tasks is learned and performed by rote with few variables and little judgment, and the supervision required is simple, direct, and concrete. The ALJ determined Chaney could not perform any past relevant work and was limited to light work. Accordingly, the ALJ determined Chaney had not been under a disability from January 1, 2004, until the date of his hearing.

Chaney again requested review, which the Appeals Council denied. Pursuant to 42 U.S.C. § 405(g), Chaney filed the present action seeking judicial review of the ALJ's decision. The district court agreed with the ALJ's decision, finding although the ALJ made some errors in drawing inferences from the record, the errors were harmless because substantial evidence in the record as a whole supported a finding Chaney was not entitled to disability benefits. Chaney appeals.

II

We review de novo the district court's decision affirming the denial of benefits. Byes v. Astrue, 687 F.3d 913, 915 (8th Cir. 2012). The court "must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole." Pelkey v. Barnhart, 433 F.3d 575, 577 (8th Cir. 2006). "Substantial evidence is less than a preponderance but . . . enough that a reasonable mind would find it adequate to support the conclusion." Milam v. Colvin, 794 F.3d 978, 983 (8th Cir. 2015) (alternation in original). On review, "we must consider evidence that both supports and detracts from the ALJ's decision." Id. "If, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the decision of the Commissioner." Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003).

In order for an individual to qualify for benefits under the Social Security Act and the accompanying regulations, he or she must be disabled. Halverson v. Astrue, 600 F.3d 922, 929 (8th Cir. 2010). "Disability is defined as the inability 'to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.'" Id. (quoting 42 U.S.C. § 1382c(a)(3)(A)). Disability is determined according to a five-step process, considering whether: (1) the claimant was employed; (2) he was severely impaired; (3) his impairment was, or was comparable to, a listed impairment;

-4-

(4) he could perform past relevant work; and if not, (5) if he could perform any other kind of work. See 20 C.F.R. §§ 404.1520(a), 416.920(a) (2016). In this case, the ALJ, after completing the proper five-step process, acknowledged Chaney suffered from various medial issues, but determined Chaney was less-than-fully credible and could perform light work. Consequently, the ALJ determined Chaney was not disabled and was not entitled to benefits.

Chaney contends there is not substantial evidence in the record as a whole supporting the Commissioner's decision because: (1) the ALJ drew erroneous inferences from the record, and without these inferences the ALJ would not have found Chaney less-than-fully credible; (2) the ALJ did not appropriately consider the effectiveness or side effects of Chaney's medications or third-party observations; and (3) the ALJ did not properly evaluate the opinion evidence presented.

A

Chaney argues the erroneous inferences from the record caused the ALJ to find him less-than-fully credible, and without the erroneous inferences, substantial evidence does not support the ALJ's credibility finding. Assessing and resolving credibility is a matter properly within the purview of the ALJ. See Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003) ("Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide.").

Chaney points to several factual errors made by the ALJ. For example, the ALJ improperly found Chaney was motivated to seek benefits because he had separated from his wife and did not want to pay child support. The record does not support such a finding—Chaney filed for disability benefits *before* separating from or divorcing his wife. The ALJ also incorrectly stated Chaney was a user of Oxycontin, rather than Oxycodone. When an ALJ draws erroneous inferences from the record, this Court will reverse if the record does not weigh so heavily against the

claimant's credibility that the ALJ would have necessarily disbelieved the claimant absent the errors drawn from the record.  Ford v. Astrue, 518 F.3d 979, 983 (8th Cir. 2008).  However, reversal is warranted only where the remainder of the record does not support an ALJ's credibility determination.  Id.  In the present matter, other evidence supports the ALJ's less-than-fully credible determination.

The ALJ found Chaney's subjective complaints of back pain were not supported by the record.  "[T]he ALJ may disbelieve subjective complaints if there are inconsistencies in the evidence as a whole." Goff v. Barnhart, 421 F.3d 785, 792 (8th Cir. 2005).  The ALJ determined Chaney's complaints were inconsistent with other evidence, including that Chaney was able to inject methamphetamine between his toes; stopped exercising despite testifying that exercise helped his pain; refused weight loss consultation despite being advised to do so based on his obesity; and failed to complete physical therapy.  The ALJ also discussed Chaney's activity level in assessing his level of pain and ability to perform gainful activity, including participating in his child's church group.  An ALJ may view "[a]cts which are inconsistent with a claimant's assertion of disability" to "reflect negatively upon that claimant's credibility."  Johnson v. Apfel, 240 F.3d 1145, 1148 (8th Cir. 2001); see also Riggins v. Apfel, 177 F.3d 689, 693 (8th Cir. 1999) (finding activities such as driving his children to work, driving his wife to school, shopping, visiting his mother, taking a break with his wife between classes, watching television, and playing cards were inconsistent with claimant's complaints of disabling pain).

In determining Chaney's credibility, the ALJ also relied on evidence from the consultative psychologist who believed Chaney was exaggerating and falsifying symptoms.  In addition, the ALJ found Chaney non-compliant with taking his medication and was seeking out pain medications.  Chaney argues there was no non-compliance and posits reasons for all of the medication abnormalities the ALJ found relevant—such as needing a new prescription after jail because he lost half of his medications.  However, when evidence presented to the ALJ could support two

-6-

inconsistent positions and the ALJ adopts one of those positions, we must affirm the ALJ's determination. Dixon, 353 F.3d at 605. Substantial evidence supports the position that Chaney misused his medication, and "misuse of medication is a valid factor in an ALJ's credibility determinations." Anderson v. Barnhart, 344 F.3d 809, 815 (8th Cir. 2003).

Considering the ALJ's findings regarding other evidence, including Chaney's work history, schooling, activities, health, and non-compliance with medication and physical therapy, it is apparent the ALJ sufficiently considered Chaney's complaints but discredited them for good cause because they were inconsistent with the evidence as a whole. Accordingly, the ALJ provided valid reasons for discounting Chaney's subjective complaints and we hold the ALJ's less-than-fully credible determination is supported by substantial evidence. See Johnson v. Chater, 87 F.3d 1015, 1018 (8th Cir. 1996) ("[W]e will not substitute our opinions for th[ose] of the ALJ, who is in a better position to assess a claimant's credibility.").

B

Chaney next argues the ALJ's RFC determination is not supported by substantial evidence in the record as a whole because the ALJ did not appropriately consider the effectiveness and side effects of Chaney's medications and did not appropriately consider third-party observations. Chaney asserts the ALJ failed to consider the extent of Chaney's pain treatment and did not consider the comments of Susie Byrd, the Director of the Edge School of Massage, which Chaney attended.

Regarding Chaney's pain treatment, Chaney argues the ALJ, in making its RFC determination, failed to take into account the strength of the drugs and their side effects. Specifically, Chaney argues the strength of his pain medications would prevent basic tasks needed for any employment, and his psychiatric prescription would cause drowsiness. However, the ALJ found Chaney misrepresented himself

to his treating physicians—for example, by not self-reporting illegal drug use—and the treating physicians therefore were not aware of Chaney's actual level of pain. Additionally, the ALJ did take into account Chaney's medication in its limitations, including: "Because of his medication, he should not work at exposed heights or around dangerous machinery." Such an opinion is substantially supported by the entire record, and we refuse to overturn the ALJ's RFC determination because of Chaney's pain medications.

Regarding Susie Byrd, Chaney points to a letter from Byrd discussing Chaney's performance during two separate continuing massage education courses, which occurred in 2007 and 2008. Byrd reported Chaney exhibited substantial pain during both courses. During the 2008 hearing, the ALJ questioned Chaney about the Byrd letter, but only for the purpose of dating the letter. The ALJ did not discuss the Byrd letter in its written decision. However, even if an ALJ fails to discuss a report, "an ALJ's failure to cite specific evidence does not indicate that it was not considered." England v. Astrue, 490 F.3d 1017, 1022 (8th Cir. 2007). The ALJ met its obligation to "develop the record fully and fairly" when it admitted Byrd's letter into evidence and established its date. Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000). Even if the ALJ failed to consider Byrd's letter, the decision would still be supported by substantial evidence—the letter tends to show Chaney could not perform the semiskilled medium-level work of massage therapy, but does not demonstrate he could not perform the unskilled light work with limitations as recommended by the ALJ.

C

Finally, Chaney contends there is not substantial evidence in the record as a whole supporting the ALJ's decision because the ALJ did not give proper weight to the opinions of Chaney's treating physicians, Drs. Walker and Wooten. In a physical residual functioning questionnaire prepared prior to the first ALJ hearing, Dr. Wooten

reported he saw Chaney about twice a year between 2003 and 2006. Dr. Wooten noted Chaney's back pain and feelings of depression, Chaney spent most of his time in bed, and Chaney could do very little activity. In a mental residual functional capacity questionnaire prepared prior to the second ALJ hearing, Dr. Wooten reported he met remotely with Chaney ten times from 2008 until 2011. Dr. Wooten noted Chaney sometimes responded to treatment, was currently on medication which caused drowsiness, but had difficulty taking his medication.

The ALJ considered but did not give controlling weight to the opinions of Drs. Walker and Wooten because their opinions were not supported by the record as a whole. The ALJ determined Dr. Walker's opinion was not consistent with the other evidence, in part because Chaney reported to Dr. Walker he spent most days in bed, but other evidence indicated Chaney was relatively active. The ALJ also discounted Dr. Walker's opinion because Dr. Walker did not know Chaney was a user of illegal drugs. The ALJ discounted Dr. Wooten's opinion because Dr. Wooten failed to reference Chaney's use of illegal drugs, and the form indicated only moderate symptoms which did not support the limitations suggested by Dr. Wooten.

Since the ALJ must evaluate the record as a whole, the opinions of treating physicians do not automatically control. Turpin v. Colvin, 750 F.3d 989, 993 (8th Cir. 2014). To determine if a treating physician's opinion should control, "[t]he record must be evaluated as a whole" and the opinion must not be "inconsistent with the other substantial evidence." Reed v. Barnhart, 399 F.3d 917, 920 (8th Cir. 2005). After evaluating the record as a whole, we agree with the ALJ's determination that other substantial evidence was inconsistent with the opinions of Drs. Walker and Wooten. First, Chaney failed to comply with taking his prescribed medications. "[A] claimant's noncompliance can constitute evidence that is inconsistent with a treating physician's medical opinion and, therefore, can be considered in determining whether to give that opinion controlling weight." Wildman v. Astrue, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original); see also Kelley v. Barnhart, 372 F.3d 958, 961 (8th Cir. 2004)

("[A] failure to follow prescribed medical treatment without good cause is a basis for denying benefits."). Second, Chaney apparently failed to report to either treating physician that he was a user of illegal drugs. The ALJ was justified in refusing to give controlling weight to the opinions of Chaney's treating physicians because neither had the opportunity to assess Chaney with the knowledge of his illegal drug use.

Given the ALJ's full development of the record, we find the ALJ's determinations were fully supported by the record as a whole. Accordingly, there is substantial evidence to support the denial of benefits.

III

For the foregoing reasons, we affirm the district court's decision affirming the denial of benefits.

_____