# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-3330

_____

Libby Rivet

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: August 31, 2016
Filed: September 6, 2016
[Unpublished]

_____

Before WOLLMAN, ARNOLD, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Libby Rivet appeals the district court's[1] order affirming the denial of supplemental security income and disability insurance benefits. We agree with the

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

district court that the administrative law judge's (ALJ's) adverse decision is supported by substantial evidenced on the record as a whole.  See Ash v. Colvin, 812 F.3d 686, 689-90 (8th Cir. 2016).  Specifically, we conclude that the ALJ gave several valid reasons for discounting the opinion of treating physician Lucy Wibbenmeyer, see Perkins v. Astrue, 648 F.3d 892, 897-98 (8th Cir. 2011) (treating physician's opinion does not automatically control, as record must be evaluated as whole); and for finding the testimony of Mr. Rivet's wife not entirely credible, see Mabry v. Colvin, 815 F.3d 386, 389 (8th Cir. 2016) (this court defers to ALJ's credibility findings if they are supported by good reasons and substantial evidence).  We also conclude that, even assuming the ALJ did not consider the letter from one of Mr. Rivet's former bosses, substantial evidence nonetheless supported the adverse decision.  See Chaney v. Colvin, 812 F.3d 672, 678 (8th Cir. 2016) (even if ALJ failed to consider letter, decision would still be supported by substantial evidence).[2] The judgment of the district court is affirmed.

————————————————

[2]Because the ALJ alternatively found, based on a vocational expert's testimony, that Mr. Rivet could perform other unskilled light jobs that were available in substantial numbers in Iowa and nationally--a finding not challenged on appeal--we see no need to discuss Mr. Rivet's challenge to the ALJ's determination that he could perform a past job that qualified as past relevant work.

-2-