SMITH, Circuit Judge,
dissenting.
The majority holds that the ALJ failed to fully and fairly develop the record. Specifically, the majority holds that the ALJ failed to (1) seek clarification of the terms “no acute distress” and “normal movement of all extremities,” and (2) obtain a treating or consultative physician’s opinion on Combs’s ability to function in' the workplace. Because this holding misapplies our precedent, I respectfully dissent.
First, Combs argues that the ALJ failed to fully and fairly develop the record because he failed to seek clarification of the terms “no acute distress” and “normal movement of all extremities” and improperly relied on his own interpretations of *710 these terms. Combs essentially argues that these terms were unclear and that the ALJ was duty-bound to ask the treating physicians for more information. “The ALJ’s duty to develop the record, however, does not extend so far” as to necessarily require an ALJ to seek more information when an opinion is arguably unclear. See Stormo, 377 F.3d at 806. “The ALJ must neutrally develop the facts. He does not, however, have to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped.” Id. (citation omitted). The medical record contains dozens of treatment notes detailing Combs’s physical limitations. In this case, no crucial issue was undeveloped as to create a duty to seek additional information from Combs’s treating physicians. See KKC ex rel. Stoner v. Colvin, 818 F.3d 364, 372 (8th Cir. 2016).
Second, Combs argues that the ALJ failed to fully and fairly develop the record because he did not obtain a treating or consultative physician’s opinion on Combs’s ability to function in the workplace. Thus, Combs argues that the RFC is not supported by substantial medical evidence. “This misstates the governing principle.” See Harvey v. Colvin, 839 F.3d 714, 717 (8th Cir. 2016). “The ALJ determines a claimant’s RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and the claimant’s own descriptions of his or her limitations.” Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). While the RFC assessment must be supported by some medical evidence, “there is no requirement that an RFC finding be supported by a specific medical opinion.” Hensley v. Colvin, 829 F.3d 926, 932 (8th Cir. 2016). “In the absence of medical opinion evidence, ‘medical records prepared by the most relevant treating physicians [can] provide affirmative medical evidence supporting the ALJ’s residual functional capacity findings.’ ” Id. (alteration in original) (quoting Johnson v. Astrue, 628 F.3d 991, 995 (8th Cir. 2011)).
At step four of the disability analysis— the step at which the ALJ decided this case — a disability claimant has the burden to establish her RFC. Eichelberger, 390 F.3d at 591. Contrary to Combs’s assertion, and the majority’s holding, an ALJ is not required to obtain a treating or consultative physician’s opinion to determine whether the claimant has the RFC to perform past relevant work. Instead, our precedent permits an ALJ to rely “on a reviewing physician’s report at step four when the burden is on the claimant to establish an inability to do past relevant work.” Casey v. Astrue, 503 F.3d 687, 697 (8th Cir. 2007) (rejecting the assertion that RFC must be supported by a treating or consulting physician’s opinion, and upholding RFC supported by reviewing physician’s report, other medical records, and subjective reports of claimant’s mother and former employer); see also Eichelberger, 390 F.3d at 591-92 (holding reviewing physician’s opinion sufficient to uphold RFC at step four because our holding in Nevland, 204 F.3d 853, which rejected RFC that relied only on reviewing physicians’ reports, does not apply at step four); Hensley, 829 F.3d at 932 (rejecting argument that ALJ must “order a consultative examination ... to correct [a] lack of direct opinion evidence” from a treating source); cf. Masterson v. Barnhart, 363 F.3d 731, 737-38 (8th Cir. 2004) (holding ALJ properly relied on non-examining physician’s opinion, consulting physician’s opinion, claimant’s subjective complaints, and records from treating physicians in determining RFC). Thus, the majority’s holding that the ALJ must obtain a medical opinion “about [Combs’s] work-related limitations, either from a prior treating doctor or from a consultative doctor” directly conflicts with our precedent.
*711 “[T]he burden of persuasion to prove disability and to demonstrate RFC remains on the claimant. Here, no crucial issue was left undeveloped; rather, [Combs] simply failed to show that she was unable to perform her past work.” See Eichelberger, 390 F.3d at 592 (citation omitted). In determining that Combs is capable of performing light work, the ALJ reviewed and considered years of medical records, Combs’s subjective testimony, materials from Combs’s treating physicians, the reviewing physicians’ opinions, and the testimony of the VE. As the district court noted, this evidence is capable of more than one acceptable characterization. Because I find it “possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner’s findings,” Chaney v. Colvin, 812 F.3d 672, 676 (8th Cir. 2016) (quoting Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003)), I would hold that “the ALJ’s conclusion under step four is supported by substantial evidence,” Eichelberger, 390 F.3d at 591, and I would affirm the ALJ’s decision.