# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2862

_____

Robert Dover

*Plaintiff - Appellant*

v.

Kilolo Kijakazi, Acting Commissioner of Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Delta

_____

Submitted: March 11, 2022
Filed: March 18, 2022
[Unpublished]

_____

Before KELLY, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Robert Dover appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. We conclude that the

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas.

Commissioner's decision is supported by substantial evidence in the record as a whole.  See Kraus v. Saul, 988 F.3d 1019, 1023-24 (8th Cir. 2021) (standard of review).  Specifically, the administrative law judge (ALJ) properly considered the opinion of Dover's treating physician, see id. at 1025 (ALJ properly discredited treating physician's opinion in part because physician's treatment notes did not support his conclusions); Despain v. Berryhill, 926 F.3d 1024, 1028 (8th Cir. 2019) (mild objective findings did not support restrictive limitations in treating physician's opinion); and made a harmless error in misattributing one aspect of the state agency physician's opinion to the treating physician, see Chismarich v. Berryhill, 888 F.3d 978, 980 (8th Cir. 2018) (per curiam) (this court strives to harmonize Commissioner's findings where possible; minor inconsistencies in wording do not rise to level of reversible error).  The ALJ also properly evaluated Dover's subjective complaints by considering the objective medical evidence, his conservative treatment history, and his daily activities.  See Milam v. Colvin, 794 F.3d 978, 985 (8th Cir. 2015) (ALJ properly considered claimant's conservative treatment history in discrediting subjective complaints); Kelley v. Barnhart, 372 F.3d 958, 961 (8th Cir. 2004) (lack of supporting medical evidence is relevant to consideration of claimant's subjective complaints).  As the ALJ otherwise properly discredited Dover's complaints, her error in stating that Dover's physician had not recommended surgery does not warrant remand.  See Chaney v. Colvin, 812 F.3d 672, 677 (8th Cir. 2016) (reversal based on ALJ's erroneous credibility-related inference is warranted only where rest of record does not support credibility determination).

The judgment is affirmed.

_____