# United States Court of Appeals

## For the Eighth Circuit

_____

No. 25-1314

_____

Joshua Rucker

*Plaintiff - Appellant*

v.

Frank Bisignano, Commissioner of Social Security Administration[1]

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: December 26, 2025
Filed: January 20, 2026
[Unpublished]

_____

Before SMITH, GRUENDER, and KOBES, Circuit Judges.

_____

---

[1]Frank Bisignano has been appointed to serve as Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

PER CURIAM.

Joshua Rucker appeals the district court's[2] order affirming the denial of child's disability insurance benefits and supplemental security income. We agree with the court that substantial evidence in the record as a whole supports the adverse decision. See Ross v. O'Malley, 92 F.4th 775, 778 (8th Cir. 2024) (standard of review).

Specifically, substantial evidence supported the administrative law judge's (ALJ's) determination that Rucker's visual impairment did not meet any listing, as his corrected visual acuity in the better eye was 20/40, and the record contained no visual field measurements to satisfy listings 2.03 and 2.04. See Blackburn v. Colvin, 761 F.3d 853, 858 (8th Cir. 2014) (to meet listing, claimant bears burden to show that he meets all of listing's criteria); 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 2.02, 2.03, 2.04. Substantial evidence--including the objective findings, therapy notes, and medical opinions--also supported the ALJ's determination that Rucker's mental impairments did not meet or equal any mental disorder listings. See Dols v. Saul, 931 F.3d 741, 745-47 (8th Cir. 2019) (substantial evidence, including medical expert's opinion, claimant's statements, and examining psychologist's observations, supported ALJ's determination that claimant's mental impairments did not meet listings).

As to the ALJ's determination that Rucker's allegations and those of his father were not fully consistent with the record, we note that the ALJ may have overstated Rucker's ability to perform some activities independently. We conclude, however, that other substantial evidence supported the determination. See Chaney v. Colvin, 812 F.3d 672, 677 (8th Cir. 2016) (reversal based on ALJ's erroneous credibility-related inference is warranted only where rest of record does not support credibility

---

[2]The Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, now retired, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

determination). We conclude substantial evidence also supported the ALJ's residual functional capacity (RFC) determination. See Krogmeier v. Barnhart, 294 F.3d 1019, 1024 (8th Cir. 2002) (substantial evidence supported RFC determination based on medical records, consultant and other medical opinions, and some aspects of claimant's testimony). Finally, the ALJ did not err in relying on the testimony of the vocational expert (VE) in determining that the occupations of cleaner and laundry worker were available to an individual with Rucker's RFC, as the VE's testimony was consistent with the Dictionary of Occupational Titles (DOT), particularly regarding the visual requirements of those occupations. See Moore v. Astrue, 623 F.3d 599, 605 (8th Cir. 2010) (where there was no conflict between VE's testimony and DOT, ALJ properly relied on that testimony, and substantial evidence supported decision to deny benefits).

  The judgment is affirmed.

_____