**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 5, 2011
Decided November 29, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 11-1836

| | |
|---|---|
| CAROL A. FLEMING, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 10 CV 030 |
| | |
| MICHAEL J. ASTRUE, | Michael J. Reagan, |
| Commissioner of Social Security, | *Judge.* |
| *Defendant-Appellee.* | |

**O R D E R**

Carol Fleming filed an application for Social Security benefits in late 2005 and eventually claimed a closed period of disability between June 15, 2005, and August 14, 2008. She challenges the denial of disability benefits and supplemental security income for that time period. She identified numerous impairments, but this appeal focuses on just two: an abdominal wound and the aftereffects of hernia surgeries. An ALJ concluded that these impairments were severe but not disabling, and the district court upheld that determination. Fleming now faults the ALJ for finding that these impairments did not meet or equal any listed impairment and overstating her physical capabilities when assessing her ability to work. Because Fleming has waived her first contention, and substantial evidence supports the ALJ's findings about her capabilities, we affirm.

Fleming had been working as a licensed nurse, but as of sometime in June 2005, she claims to have become disabled. She had complained of abdominal pain several months earlier, at which time doctors discovered cysts on her right ovary. After the ovary was surgically removed, the surgical wound became infected. A hernia then developed at the site, and a surgeon repaired the hernia with mesh. The infection persisted, and Dr. Inwha Kim, an infectious-disease specialist, began treating it with antibiotics. In early 2006 the mesh became infected, and the hernia recurred, so the surgeon removed the mesh and replaced it with a different material. When Fleming soon complained of pain and foul-smelling discharge, the surgeon drained the wound and transferred her to a larger hospital, where the wound was drained again and left open for healing.

Three months later two physicians, Dr. Kim and a state-agency physician, evaluated how Fleming's abdominal problems might affect her ability to perform various tasks. They agreed that Fleming could sit, walk, and stand but might have difficulty lifting because of her wound. The state-agency physician gave more details, opining that Fleming could lift 10 pounds frequently and 20 pounds occasionally; sit, stand, or walk for 6 hours in an 8-hour workday; and climb, stoop, kneel, or crawl occasionally.

The following month Dr. Kim observed that Fleming's wound was healing but had not gotten smaller. Although Fleming experienced continuing abdominal pain and underwent subsequent hernia surgeries, her wound closed by early 2008.

At her hearing, Fleming supplemented the medical record with a recent assessment by her physician, Dr. Rami Abdo, in which he opined that Fleming's limitations were more severe than those laid out in any prior assessment of her capabilities. He concluded that she could lift or carry up to 5 pounds frequently and 6 to 10 pounds occasionally, could stand or walk for 2 hours in an 8-hour workday, could sit for 4 hours, and could bend or reach occasionally but could not squat, crawl, or climb. Fleming then testified that she could do "light housework," sit or stand for "maybe" two hours, bend down sometimes, and lift about five pounds, though she could not carry that weight very far.

The ALJ then asked a vocational expert what type of work a hypothetical person of Fleming's age, education, and work experience could perform if she could lift 10 pounds occasionally and less than 10 pounds frequently, stand or walk for 2 hours in an 8-hour workday, sit for 4 hours, and bend or reach overhead occasionally but could not operate foot controls, squat, crawl, climb, or endure exposure to hazards or environmental irritants. That person, the VE responded, could not perform any of Fleming's past work, but could perform entry-level sedentary work as a telephone-information clerk or addressing clerk.

The ALJ denied Fleming's claim for benefits, applying the five-step evaluation process. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ concluded that Fleming had not worked since her alleged onset date (step one); the abdominal abscess and aftereffects of the hernia repair, among other things, constituted severe impairments (step two); her impairments did not meet or equal a listed impairment (step three); and Fleming could not perform any of her past work (step four) but nonetheless was not disabled because she had the capacity—based on the VE's testimony—to perform some sedentary work (step five). The ALJ reasoned that the medical record, particularly the state-agency physician's assessment, "supports a residual functional capacity of lifting and carrying 10 pounds occasionally and less than 10 pounds frequently."

Fleming sought judicial review of the ALJ's decision. She asserted, without citing any specific evidence, that she "was clearly disabled" from 2005 to early 2008, when her abdominal problems subsided, and that she is at least entitled to a closed period of disability. The district court upheld the ALJ's decision, concluding that substantial evidence supports the ALJ's assessment of Fleming's capabilities and that Fleming waived by failing to raise any argument that her impairments met or equaled a listed impairment.

We confine our review to the rationale offered by the ALJ and evaluate whether his decision is supported by substantial evidence. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011).

Fleming first argues that the ALJ erred at step three by not finding her impairments met or equaled a listed impairment. She recites, in a cursory fashion, three Listings from 20 C.F.R. Part 404, Subpart P, Appendix 1, that the ALJ never mentioned: Listings 5.00(A), a general policy statement about digestive disorders; 5.07, for bowel disorders resulting from resection of the small intestine; and 8.04, for chronic skin infections with extensive ulcerating lesions. But as the district court noted, Fleming failed to raise this argument previously and thus waived it. *See Skarbek v. Barnhart*, 390 F.3d 500, 505 (7th Cir. 2004); *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000).

Fleming also contends that the ALJ erroneously assessed her capabilities as of the date of the hearing (August 2008) rather than the period from June 2005, her onset date, to February 2008, when her abdominal problems subsided. At oral argument, Fleming's attorney emphasized that she was hospitalized for more than 70 days during this period. The government points out, however, that an impairment must persist for at least 12 months to be considered disabling. *See* 42 U.S.C. § 423(d)(1)(A).

While Fleming no doubt was incapacitated for perhaps 70 days in the three-year period during and after her operations and other treatments, the ALJ's evaluation of her

residual functional capacity during that time was supported by substantial evidence. As the district court explained in its summary of the ALJ's findings, the medical evaluations from Fleming's proposed period of disability, including the observations of Dr. Kim and the state-agency physician, all support the ALJ's findings. In fact, the ALJ assessed Fleming's capabilities more conservatively than any medical opinion dating from her proposed period. The ALJ also relied on the VE's testimony that, based on the ALJ's assessment of Fleming's capabilities, Fleming could still find work during those three years. The ALJ's finding is even largely supported by the opinion Dr. Abdo gave shortly before the hearing, though it differs in one respect: Dr. Abdo found Fleming could lift "up to" five pounds frequently; the ALJ said "less than" ten. But this discrepancy does not undermine the ALJ's decision, which relied on the assessment that the state-agency physician completed *during* Fleming's proposed period of disability. The ALJ's decision, therefore, is supported by substantial evidence.

**AFFIRMED**.